## THE STATE *vs.* RAYMOND.

Where, on the trial of a complaint for keeping spirituous and intoxicating liquors in the store of the defendant, with intent to sell the same, evidence was offered, by the public prosecutor, to prove that, at two different times, the defendant there sold other spirituous liquors, for which sales, it was admitted, that there were then pending two complaints against the defendant; it was held, that such evidence was admissible.

THIS was a complaint preferred, by a grandjuror of the town of Darien, to a justice of the peace, against Stephen

Raymond, for keeping spirituous and intoxicating liquors, with intent to sell the same, in violation of the statute passed in 1854, entitled "An act for the suppression of intemperance."

A trial was had before the justice, and the defendant was found guilty. From this decision he appealed to the superior court for the county of Fairfield, at its August term, 1855, when it was tried before a jury.

Upon this trial, the attorney for the state introduced one William Taylor, as a witness, in support of the prosecution, who testified that, in the months of December, 1854, and January, 1855, he purchased of said Raymond, at his store in Darien, at two different times, spirituous liquors, and paid for the same; and this was claimed by the attorney as evidence tending to show that said Raymond did, at the time mentioned in said complaint, keep spirituous liquors, with intent to sell the same.

It was admitted that there were two complaints against said Raymond, pending in said superior court, for selling to said Taylor the said liquor, so purchased by him.

The defendant thereupon prayed the court to instruct the jury, that, as said two prosecutions were now pending in said court against said Raymond, the sales to Taylor could not be used as evidence to convict, in the case then on trial; because if they could, it would subject Raymond to two or more prosecutions for the same offence.

The court did not so instruct the jury, but charged them, that, in respect to the liquor sold to the witness, the offence of keeping, with intent to sell, was merged in the offence of an actual sale, and that, in respect to such liquor, the defendant could not be convicted in this prosecution; but that, as the public prosecutor claimed from the evidence in the case, that other liquor, besides that so sold, was kept by the defendant with intent to sell, the sale to the witness was evidence, tending to show the purpose and intent with which the other liquor was kept; that the weight of such evidence must depend much upon the circumstances con-

nected with the sale,—whether made to a customer for money in the ordinary way of trade, or made upon a special occasion for particular reasons, and whether it was an isolated case, or connected with other sales at the same place, and at about the same time.

The jury having returned a verdict of guilty, the court imposed on the defendant a fine of twenty dollars, and he thereupon moved for a new trial, for a misdirection.

*Belden* and *White*, in support of the motion.

*Ferris* and *Ferry*, contra.

STORRS, J.　It is too clear to admit of argument, that, in order to show that the defendant kept the liquor, in question on the trial, in his store, for the purpose of sale, evidence was admissible to prove that he had sold to Taylor other liquor of the same kind in that store ; and the defendant could not, in this case, have been convicted for keeping the liquor so sold to Taylor, and for which sale he had been prosecuted, since the judge below carefully protected him against such conviction, by informing the jury that evidence of that sale was admissible, not for the purpose of convicting the defendant of keeping that liquor for sale, but only for the purpose of showing the intent with which he kept the liquor, for the keeping of which he was prosecuted in this case.

A new trial is not advised.

In this opinion the other judges, WAITE and HINMAN, concurred.

.　A new trial not granted.