COMMONWEALTH *vs.* JOHN T. HANLEY.

Middlesex.    Nov. 28. — Dec. 2, 1876.    COLT, AMES & ENDICOTT, JJ., absent.

A complaint on the St. of 1875, c. 99, which charges the defendant with unlawfully exposing and keeping for sale intoxicating liquors, "not having then and there any license, authority or appointment according to law, then and there to expose, keep for sale or sell said liquors," is sufficient.

An appeal will not lie to this court from an order of the Superior Court, overruling a motion to quash, before final judgment.

COMPLAINT to the Police Court of the district of Somerville, charging that John T. Hanley, on June 6, 1876, at Somerville, "with force and arms unlawfully did expose and keep for sale intoxicating liquors, with intent unlawfully to sell the same in this Commonwealth; the said John T. Hanley not having then and there any license, authority or appointment according to law, then and there to expose, keep for sale or sell said liquors, against the peace of said Commonwealth, and the form of the statute in such case made and provided."

The defendant moved to quash the complaint, "because no offence is specifically or properly charged in the complaint, and because the complaint does not follow the words of any statute, and the description of the offence is too vague and uncertain, and there is no allegation of the violation of any provision of law or statute." This motion was overruled; and the defendant appealed to the Superior Court.

In the Superior Court, before the jury were empanelled, the defendant renewed the motion made in the court below, and the court overruled the motion. The jury returned a verdict of guilty; and the defendant appealed to this court.

*J. B. Goodrich*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

BY THE COURT. The complaint is sufficient. *Commonwealth* v. *Davis, ante*, 352. But as no judgment appears to have been rendered in the Superior Court, beyond the order overruling the motion to quash, the proper entry is          *Appeal dismissed.*