## COMMONWEALTH *vs.* JOHN McCORMACK.

Norfolk. Nov. 25, 1878. — Jan. 1, 1879. COLT & MORTON, JJ., absent.

The omission of the record in a criminal case to show a joinder in a demurrer to an indictment is immaterial, and cannot be objected to after the trial and determination of the issue tendered by the defendant.

If the defendant in a criminal case, after a demurrer to the indictment against him has been overruled, has pleaded over and been found guilty, the case is ripe for final judgment and sentence, and he can then bring the questions of law ruled against him to this court by appeal, without such sentence having been actually awarded.

GRAY, C. J. The defendant, having been indicted in the Superior Court for selling intoxicating liquor without any legal authority or license therefor, demurred to the indictment, specially assigning the grounds of demurrer. The record shows that the demurrer was overruled by the court, the defendant pleaded the general issue, and was tried thereon and found guilty, and then appealed to this court from the judgment against him upon the demurrer.

The only point argued for the defendant is that he is entitled to judgment, because the record does not show that the Commonwealth joined issue on the demurrer. But the omission of the record to show this, like its omission to show a joinder of issue on the plea of not guilty, is wholly immaterial to the rights of the defendant, and cannot be objected to after the trial and determination of the issue of law or fact tendered by him. 1 Chit. Crim. Law, 481, 482. *United States* v. *Gibert,* 2 Sumner, 19, 66. *Commonwealth* v. *McKenna,* 125 Mass. 397.

The attorney general contends that the appeal should be dismissed, because there has been no final disposition of the case in the Superior Court. If the record showed nothing beyond the overruling of the demurrer, that would be so, because it would have been within the discretion of the court below to allow the defendant to answer over, and therefore the case would not appear upon the record to have been wholly and finally disposed of in that court. *Commonwealth* v. *Paulus,* 11 Gray, 305. *Commonwealth* v. *Gloucester,* 110 Mass. 491. But, after the defendant had pleaded over and been found guilty, all questions of law and fact appeared on the record to have been disposed of, so that the case was ripe

for final judgment and sentence, and the defendant might then bring the questions of law ruled against him to this court by appeal or exceptions, without such sentence having been actually awarded. Gen. Sts. *c.* 114, § 10; *c.* 115, §§ 7–10. *Case* v. *Ladd,* 2 Allen, 130. *Gifford* v. *Rockett,* 119 Mass. 71. *Kellogg* v. *Kimball,* 122 Mass. 163. *Platt* v. *Justices of Superior Court,* 124 Mass. 353. *Commonwealth* v. *Spilman,* 124 Mass. 327. The decision in *Commonwealth* v. *Hanley,* 121 Mass. 377, by which the court, after holding a motion to quash to have been rightly overruled because the complaint was sufficient, rendered judgment in the form of dismissing the appeal, instead of affirming the judgment below, overlooked the fact that, after the overruling of the motion to quash, the defendant had been tried and found guilty by the jury. *Judgment affirmed.*

*J. W. Pickering,* for the defendant.

*C. R. Train,* Attorney General, *& J. F. Brown,* Assistant Attorney General, for the Commonwealth.