## PHILPOT *v.* STATE.

No appeal lies from the judgment of a police court imposing sentence upon one who had previously pleaded *nolo contendere* to a complaint for being a common seller of liquor, sentence having been suspended at the time the plea was entered on condition that the defendant quit the unlawful business.

In such a case the penalty is inflicted, not for a breach by the defendant of his agreement, but for the offence of violating the law of which he stands convicted by his plea.

BINGHAM, J. Petition for a writ of habeas corpus presented to a justice, and adjourned to the law term. The facts appear from copies of records. May 21, 1888, in the police court of Dover, the plaintiff pleaded *nolo contendere* to a complaint charging the offence of being a common seller of spirituous liquors. In pursuance of an agreement made by him and the county solicitor, the court ordered "that sentence be suspended on payment of costs, $8.64, on condition that the respondent goes out of the business of the illegal sale of liquor, and that the said respondent does not hereafter engage in said illegal business;" and the respondent paid the costs, and was released from custody. At the September term of the supreme court, 1889, he was indicted for keeping spirituous liquor for sale, and on the 22d day of May, 1889, pleaded *nolo contendere*, and paid fine and costs. A complaint was afterwards presented to the police court, alleging his non-performance of the condition on which sentence had been suspended. A warrant was issued, on which he was arrested and brought before the police court, December 7, 1889. The case in which sentence was suspended was brought forward, and there was a hearing on the question of his performance of the condition. The record of the result is,—"December 16, 1889. It appearing that said defendant has not gone out of the business of the illegal sale of liquor, but did, after the said 21st day of May, 1888, engage in said illegal business in violation of the above order, it is therefore ordered that he pay a fine of $100, and be confined at the county jail for the term of six months, and stand committed till this order is complied with." He claimed an appeal, to which the court held he was not entitled, and being committed to jail he brought this petition.

The legal construction of the order of suspension is, that if the question whether the condition has been performed is triable by any judicial tribunal, the trial and decision are to be by the court that made the order. Its decision is not reversible in this court on any process equivalent to an appeal; and the proceedings were not invalidated by the suspension or the condition. *Sylvester* v. *State*, 193 *ante*. The jurisdiction of the police court was no more affected by the release of the respondent from custody, than it

would have been by his escape. The fine and imprisonment imposed by that court are not a punishment for the non-performance of a condition, but the penalty prescribed by Gen. Laws, *c.* 109, *s.* 14, for the offence of being a common seller. His guilt was not an open question. It was conclusively established by his plea. *State* v. *Fagan*, 64 N. H. 431. The only question was, whether he should be punished for the offence of which he confessed himself guilty. The conditional suspension was not a hardship, nor a contract enforceable by a suit for damages, or for a penalty, but a mere favor. It was not an injunction or prohibition. It gave him an election between an abandonment of his illegal business and a continuance or resumption of it, with a liability to judgment on his recorded plea. The question of performance of the condition could not be carried on appeal from the court in which the final judgment on his plea was to be rendered and enforced. Section 2, *c.* 258, G. L., gives an appeal to " Any person sentenced for any offence by a police court or justice of the peace," to enable him to obtain another trial of the question of guilt on which judgment is rendered against him, and not of an incidental or collateral question like that raised by a motion for a continuance, or motion for a suspension of sentence, or by the second complaint in this case.

As to the rendition of final judgment on the plea of *nolo contendere* in the police court, the case is governed by another statute. Before 1860, police courts had no jurisdiction of complaints for selling, keeping for sale, and being a common seller of intoxicating liquor, except to discharge the accused, or order him to recognize to appear at a higher court. Laws 1855, *c.* 1658, *s.* 5. A recognizance to appear at another court and there answer to an indictment, being considered by the legislature an unnecessary hardship when he desires to plead guilty or *nolo contendere*, and suffer the penalty, the act of 1860, *c.* 2366, *s.* 1, provides that " police courts and justices of the peace  .  .  .  shall have the power of final judgment and sentence in all proceedings " for violation of the liquor law " in which the accused shall plead guilty or *nolo contendere*." This provision, extended to other cases by laws of 1881, *c.* 5, is a relief of the accused in cases in which he wishes to avoid the trouble of recognizing and going to another court by submitting to judgment and sentence on a confession of guilt. The petitioner contends that this statute is consistent with a right of appeal, as there is no appeal before final judgment, and cites *Bennett* v. *Clemence*, 3 Allen 431, *Com.* v. *Hanley*, 121 Mass. 377, and *Com.* v. *McCormack*, 126 Mass. 258. But " the power of final judgment and sentence," given in a particular class of cases which the police court had no jurisdiction to try, was an exceptional mode of relieving the respondent from further attendance at court, when he admitted his guilt; and the legislature did not intend that litigation might be prolonged in such cases by appeal. In cases triable in the lower court without a waiver of appeal, the

right of appeal is not barred by a plea of guilty.  *Com.* v. *Hagarman*, 10 Allen 401; *Com.* v. *Winton*, 108 Mass. 485; *Com.* v. *Mahoney*, 115 Mass. 151.  But the act of 1860 did not relate to that class of cases when it was passed; and on the revision of the statutes it had not been changed in any respect affecting the present case.  G. L., *c.* 109, *s.* 20.  Having pleaded *nolo contendere* in a police court, this petitioner could not take his case to the supreme court on recognizance or appeal.

In 1867, the legislature being of the opinion that in liquor cases the accused should not be compelled to go to a higher court for trial when he preferred to be tried by the police court and was willing to abide by its decision, *s.* 21, *c.* 109, G. L., was passed, giving him a trial in the police court, when he elects a trial there on a plea of not guilty and a waiver of his right of appeal.  This is not a modification of "the power of final judgment and sentence" given by the act of 1860, in cases in which the respondent pleads guilty or *nolo contendere*.  In this case if the accused had desired a trial in the supreme court, he would have denied his guilt by plea, and there would have been a hearing unless he had waived it on the question of whether he should be ordered to recognize under the law of 1855.  G. L., *c.* 109, *s.* 22.  If he had elected a trial in the police court, he would have denied his guilt by plea and waived his right of appeal, and that court would have exercised the jurisdiction given it by the laws of 1867 (G. L., *c.* 109, *s.* 21), "finally to hear, try, and determine such case, to render judgment, impose sentence, and issue process for the execution thereof," which judgment would be "final and conclusive."  Not desiring a trial in any court, he confessed his guilt and waived his right of trial by the plea of *nolo contendere*, and the court has exercised "the power of final judgment and sentence given it by the law of 1860. G. L. *c.* 109, *s.* 20.  There is no appeal in either of these three modes of procedure.

The provision that "No indictment shall be found for any violation of this chapter, unless the offence was committed within one year before the first day of the court at which the offence is prosecuted," G. L., *c.* 109, *s.* 36, is not applicable to this case.  A complaint or indictment, pending more than a year, is not thereby barred.  An inability to render judgment on the respondent's plea of guilty, or *nolo contendere*, a year after the entry of the plea, would operate with unnecessary and unreasonable severity by practically preventing the suspension of sentence in cases in which there ought to be a conditional suspension.  *Com.* v. *Dowdican*, 115 Mass. 133, 136.

In the petition, relief is asked on habeas corpus or any other process to which the plaintiff may be entitled.  There was no error of law correctable by the superintending power of this court.  *Boody* v. *Watson*, 64 N. H. 162, 169, 173, 182.  His conviction on a plea of *nolo contendere* to the indictment for keeping liquor for

sale was evidence from which his non-performance of the condition could be inferred. *State* v. *Shaw,* 58 N. H. 73; *State* v. *Gorman,* 58 N. H. 77; *Hall* v. *Brown,* 58 N. H. 93, 96; *State* v. *Welch,* 64 N. H. 525; *State* v. *Raymond,* 24 Conn. 204. Whether, on a petition filed in the police court, or at the trial term of this court, for a new trial of the complaint for being a common seller, the judgment can or should be vacated, and a plea of not guilty substituted for the plea of *nolo contendere,* on the ground that through accident, mistake, or misfortune justice has not been done, and a further hearing would be equitable, is a question that need not now to be considered.

*Petition denied.*

All concurred.

*Dodge & Caverly* and *W. S. Pierce,* for the plaintiff.

*J. Kivel,* solicitor, for the state.