Cheshire
No. 81-288

THE STATE OF NEW HAMPSHIRE

v.

CHARLES S. BRACKETT

August 6, 1982

*Gregory H. Smith*, attorney general (*Paul W. Hodes*, assistant attorney general, on the brief and orally), for the State.

*James E. Duggan*, of Concord, appellate defender, by brief and orally, for the defendant.

DOUGLAS, J. The issue in this case is whether a defendant who has been sentenced to jail for violating the conditions of his probation has a right of appeal to superior court. We hold that the defendant has no right to appeal but may seek review by petitioning for a writ of certiorari.

In December 1980, the defendant was convicted in the Jaffrey District Court of a misdemeanor, taking a motor vehicle without the consent of the owner. *See* RSA 263:82 (now codified at RSA 262:12). The court suspended his sentence of incarceration, placed him on probation for two years, and ordered him to pay $200 restitution and a $300 fine by September 1, 1981. The defendant did not appeal. The following March, the New Hampshire Probation Department filed a complaint with the district court alleging that the defendant had violated his probation "in that [he] did fail to pay restitution and did fail to be of good behavior, observe all laws and keep the peace. . . ." The district court, which held a hearing in accordance with RSA 504:4 (Supp. 1979), found that the defendant had violated his probation and ordered him to serve thirty days in the house of correction on weekends. He appealed to superior court, but the court dismissed his appeal on the ground that no statute authorized a direct appeal from district court to superior court after a finding of a violation of probation. The defendant's motions to reinstate the appeal and for reconsideration of the dismissal were denied by *Contas*, J. The defendant then appealed to this court.

A probation violation hearing held pursuant to RSA 504:4 (Supp. 1979) is not part of a criminal prosecution, *see Morrissey v. Brewer*, 408 U.S. 471, 480 (1972); therefore, the superior court has no jurisdiction to hear an appeal from a probation hearing under RSA 592-A:2, which applies only to criminal cases. Nor is appeal to superior court available under RSA 599:1, which allows a person sentenced for an offense to appeal to superior court at the time such sentence is declared. This statute is inapplicable; a person whose probation is revoked is not "sentenced for an offense." Rather, when

a probationer violates the conditions of his probation, the court may make such "orders" as justice requires. *See* RSA 504:4 (Supp. 1979). We find no other statutory source of a right of appeal. *Cf. Martel v. Hancock*, 115 N.H. 237, 238, 339 A.2d 9, 11 (1975) (no appeal procedure from decision of State parole board).

■ In addition, this court has previously refused to grant a right of appeal in a similar factual situation. In *Philpot v. State*, 65 N.H. 250, 20 A. 955 (1899), the plaintiff's sentence for selling "spirituous liquors" was suspended on condition that he stop selling liquor. The plaintiff violated this condition by continuing to sell liquor; as a consequence, he was confined to the county jail. This court held that the plaintiff was not entitled to "any process equivalent to an appeal." *Id.* at 250, 20 A. at 955. The defendant contends that *Philpot* is no longer the law because in *Martel v. Hancock*, 115 N.H. 237, 339 A.2d 9 (1975), this court recognized that parolees are entitled to certain constitutional due process protections. *See id.* at 238–39, 339 A.2d at 11 (applying due process safeguards established by *Morrissey v. Brewer*, 408 U.S. at 488–89 and *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973)); *see also State v. Aubert*, 118 N.H. 739, 740–41, 393 A.2d 567, 568 (1978). Our decision is made with these cases in mind. In finding no right to appeal to superior court, we do not minimize the important liberty interests at stake in probation revocation proceedings or limit the due process protections we have previously granted to parolees.

■ We conclude that a petition for writ of certiorari in superior court is the appropriate method for review of probation revocation proceedings. The test on a petition for writ of certiorari is whether the court acted "illegally in respect to jurisdiction, authority or observance of the law . . . or has abused its discretion or acted arbitrarily or capriciously." *Petition of Gorham School Board*, 121 N.H. 878, 880, 436 A.2d 74, 76 (1981) (quoting *Wilson v. State Personnel Comm'n*, 118 N.H. 424, 425, 387 A.2d 1160, 1161 (1978) (citation omitted)). Although a writ of certiorari will only be granted by the superior court in extraordinary circumstances, a writ will issue when the "substantial ends of justice" so require. *George v. Commercial Credit Corp.*, 105 N.H. 269, 271, 197 A.2d 212, 214 (1964); *see Hardy v. State*, 122 N.H. 587, 448 A.2d 382 (1982); *Petition of Gorham School Board*, 121 N.H. at 880, 436 A.2d at 76. This procedure adequately protects individuals' rights when their probation has been revoked.

This matter is remanded to the superior court with instructions that in this instance the appeal is to be treated as a petition for a writ of certiorari.

*Remanded.*

All concurred.