IN THE MATTER OF: DORIS LOUISE JONES

No. 8226DC316

(Filed 16 November 1982)

Infants § 18— probation violation—noncriminal acts—no adjudication of delinquency
    Noncriminal acts which constitute a willful violation of the terms of a court order by an undisciplined juvenile cannot be grounds for an adjudication that the juvenile is delinquent within the meaning of G.S. 7A-517(12).

APPEAL by respondent from *Lanning, Judge.* Judgment entered 11 February 1982 in District Court, MECKLENBURG County. Heard in the Court of Appeals 14 October 1982.

This is an appeal from an order citing respondent for criminal contempt of court and committing her to the Division of Youth Services for a period not to exceed thirty days. The facts are as follows. On 10 December 1981, respondent, fifteen years old, was found to be an undisciplined juvenile, as defined in G.S. 7A-517(28), for being unlawfully absent from school forty-three times. The trial judge ordered that the matter be reviewed on 13 January 1982, and in the meantime, ordered respondent to attend school every day, to be at her grandmother's home by 8:00 p.m. on weeknights and 11:00 p.m. on weekends, and to notify her grandmother where she is at all times.

On 12 January 1982, the juvenile counselor filed a petition alleging that respondent violated the trial court's order by staying out all night on 10 December 1981, spending the following

weekend away from home, and missing school on 14 December 1981. On 27 January 1982, the court dismissed the allegation in the petition that respondent was required to attend school.

On 11 February 1982, a hearing was conducted on the charge:

That the child is a delinquent child as defined under G.S. 7A-517(12) in that said child has willfully violated Order of the Court entered on December 10, 1981. That at the time of entry on December 10, 1981, the juvenile was present in Court and had notice of Order.

The trial judge found that respondent willfully violated the prior order of the court and adjudicated that she was a delinquent juvenile. He first indicated that he would place her on probation. Respondent said that she would not obey the probation order. The judge then ordered her committed to the Division of Youth Services for not more than thirty days.

*Attorney General Edmisten, by Assistant Attorney General Sarah C. Young, for the State.*

*Assistant Public Defender Stephen W. Ward, for respondent appellant.*

VAUGHN, Judge.

The question presented is whether noncriminal activities which constitute a willful violation of the terms of a court order by an undisciplined juvenile can be grounds for an adjudication that the child is delinquent within the meaning of G.S. 7A-517(12). The statute is as follows:

Delinquent Juvenile. — Any juvenile less than 16 years of age who has committed a criminal offense under State law or under an ordinance of local government, including violation of the motor vehicle laws.

The former statute, G.S. 7A-278(2) [amended in 1975, effective 1 July 1978 to delete violation of probation as a definition of delinquency; repealed effective 1 January 1980] defined delinquent child as "any child who has committed any criminal offense under State law or under an ordinance of local government, including violations of the motor vehicle laws or *a child who has violated the conditions of his probation* under this article." (Emphasis

added.) The provision which would allow an undisciplined child to become a delinquent by merely violating probation without committing a crime was deleted from the statute effective 1 July 1978.

The intent of the legislature controls statutory interpretation. *Jolly v. Wright*, 300 N.C. 83, 265 S.E. 2d 135 (1980). The amendment of former statute G.S. 7A-278(2), removing the violation of probation from the definition of delinquent child, indicates an intent that only criminal activity could provide the basis for an adjudication of delinquency. The legislative purpose in removing probation violations as the basis for adjudications of delinquency would be frustrated if the courts take those very same violations, treat them as criminal contempt, and then base adjudications of delinquency on the contempt proceedings.

The order from which respondent appeals is

Reversed.

Judges WEBB and WELLS concur.