### ROBERT C.

v.

### CARL BAIRD, SUPERINTENDENT, CHESHIRE COUNTY HOUSE OF CORRECTION

July 10, 1987

*George Ostler*, public defender, of Keene, on the notice of appeal and orally, for the petitioner.

*Stephen E. Merrill*, attorney general (*Steven L. Winer*, assistant attorney general, on the State's response to petitioner's notice of appeal and orally), for the State.

PER CURIAM. This is an appeal from the denial by the Superior Court (*Groff*, J.) of a petition for writ of habeas corpus. The petitioner claims that after his eighteenth birthday, having been found delinquent prior to his seventeenth birthday, the Keene District Court lacked jurisdiction to adjudicate a complaint charging him with a violation of the terms of his probation. We held in the petitioner's favor on May 28, 1987, when we issued an order vacating the superior court's dismissal of the petition and remanding the case for entry of an order providing for the petitioner's immediate release from custody. The following opinion gives our reasons for doing so.

The petitioner, Robert C., was born on September 26, 1968. On December 12, 1984, when he was sixteen years old, he was arrested under two petitions charging acts of delinquency. The Keene District Court found him chargeable under one petition and on June 5, 1985, committed him to the Youth Development Center (YDC)

for his minority. On July 24, 1985, the district court suspended his commitment to the YDC and placed him on probation until age nineteen.

On March 3, 1986, when he was seventeen, the New Hampshire Department of Corrections filed a complaint against the petitioner charging violation of probation. Because he was outside the jurisdiction at the time, the police did not arrest him until April 30, 1987, after he had turned eighteen. At arraignment in the Keene District Court, the judge ordered him held to answer the violation charge, and set cash bail at $5,000. The petitioner did not raise bail and was incarcerated while awaiting a hearing on the merits. On May 7, 1987, the district court denied his motion to dismiss for lack of jurisdiction, and on May 12, 1987, the superior court denied his petition for release under writ of habeas corpus. He filed an appeal on May 20, 1987, and by our May 28, 1987 order, we reversed the superior court.

■ Neither party at oral argument disputed that the district court's jurisdiction, when it originally ordered probation, extended only to the juvenile's eighteenth birthday. RSA 169-B:2, V (Supp. 1986) defines "probation" as "a legal status created by court order following an adjudication that a child is delinquent whereby the minor is permitted to remain in the community;" and "minor" is defined as "a person under the age of 18." RSA 169-B:2, IV (Supp. 1986). Thus, a fair reading of these provisions reveals the general rule that a district court may place a juvenile on probation for a period of time not to extend beyond his eighteenth birthday.

■ The State contends that two statutory exceptions to the general rule empowered the district court to exercise jurisdiction beyond that date in this case. We do not agree. RSA 169-B:4 (Supp. 1986) grants a district court jurisdiction over a juvenile until his nineteenth birthday provided that a petition charging a delinquency offense committed before his eighteenth birthday is filed against him after he turns eighteen. This provision is inapplicable for two reasons. First, the petition charging violation of probation was filed *before* the petitioner turned eighteen. Second, in charging a mere violation of probation, the petition did not charge a delinquency offense, which is defined by statute as one committed by an individual under "the age of 18 years which would be a felony or misdemeanor under the criminal code of this state if committed by an adult." RSA 169-B:2, II (Supp. 1986). A violation of probation, as such, is nowhere classified as either a misdemeanor or a felony, and therefore is not a delinquency offense within the

meaning of RSA 169-B:2 (Supp. 1986). *See also State v. Brackett,* 122 N.H. 716, 449 A.2d 1210 (1982).

The State also cites RSA 169-B:19, III (Supp. 1986), which permits a court to commit a minor to jail or the house of correction for a term not extending beyond his nineteenth birthday, where the minor is found to be delinquent after his seventeenth birthday. This provision did not provide the court with jurisdiction over the petitioner, however, because his delinquency offense occurred when he was still sixteen. Accordingly, the district court's jurisdiction over the petitioner ceased as of September 26, 1986.

We recognize that, as the statutory jurisdictional scheme now stands, a juvenile who violates probation a short time before his eighteenth birthday may nonetheless effectively escape any sanction. This is the result of existing legislation, however, and we must leave it to the legislature to address the matter if it deems it appropriate to do so.

For the above reasons, our order in this case was

*Order of superior court vacated;*
*petition granted; remanded.*