552 So.2d 182 (1989)
C.J.
v.
STATE.
5 Div. 435.
Court of Criminal Appeals of Alabama.
September 29, 1989.
*183 M. Joanne Camp, Opelika, for appellant.
Don Siegelman, Atty. Gen., and James B. Prude and Yvonne A. Henderson, Asst. Attys. Gen., for appellee.
TYSON, Judge.
This is an appeal from an adjudication of delinquency of a minor. C.J. was adjudicated a child in need of supervision (CHIN) on March 27, 1987, October 27, 1987, and January 6, 1988, by the Lee County Juvenile Court. She was placed in a treatment program at the Lee County Youth Development Center on March 28, 1988. C.J. was accepted on a trial basis. The program required that C.J. make a voluntary commitment to complete the program within the three day pre-placement period. The record reveals that C.J. was given ample opportunities to make such a commitment, but she refused to do so. The record reveals that C.J. failed to cooperate with the program and that her family was not cooperative. C.J. was evaluated as having a passive-aggressive personality. On April 1, 1988, after again refusing to commit to the program, she was placed in a holdover facility for violation of probation. The Department of Human Resources filed a petition on April 1, alleging that C.J. was a delinquent child. The petition alleged that C.J. had violated her probation by failing to "exert her best efforts in the treatment program" and had failed to obey those in authority in the program. (R. 47). The petition further alleged that C.J. was unamenable to treatment. C.J. was adjudicated a delinquent and the court ordered her to be held in detention pending her intake into the Department of Youth Services. The juvenile court judge's order indicates that he based his decision on C.J.'s "non-compliant attitude," "passive aggressive behavior," aggressive behavior in school situations and her "unwillingness to cooperate." (R. 52).
The sole issue presented on appeal is whether a non-criminal offense which constitutes a willful violation of a court order by a child in need of supervision may be grounds for an adjudication of delinquency within the meaning of Ala.Code §§ 12-15-1(8) and (9) (1975).[1]
Ala.Code § 12-15-1(9) defines a delinquent child as "[a] child who has committed a delinquent act and is in need of care or rehabilitation." A delinquent act is defined as "[a]n act designated a crime under the law of this state or of another state if the act occurred in another state or under federal law or a violation of a municipal ordinance" Ala.Code § 12-15-1(8) (1975) (emphasis supplied). Although the *184 record clearly reveals that C.J. willfully violated the terms of her probation and was unamenable to treatment, neither of these acts is a criminal offense. A strict reading of the statute indicates that the legislature intended that only criminal activity would provide grounds for an adjudication of delinquency.[2] It is the job of the legislature to determine if any additional actions on the part of a juvenile can provide a basis for a finding of delinquency. Therefore, we find that C.J.'s actions do not provide a proper basis for an adjudication of delinquency. See Robert C. v. Baird, 129 N.H. 495, 529 A.2d 928 (1987) (violation of probation is not a basis for an adjudication of delinquency); O.W. v. Byrd, 461 So.2d 967 (Fla.Dist.Ct.App.1984) (adjudication of delinquency is not a permissible sanction for a dependent child's disregard of a court order); Matter of Jones, 59 N.C.App. 547, 297 S.E.2d 168 (1982) (non-criminal activities cannot provide a basis for an adjudication of delinquency). See also Commonwealth v. Feick, 294 Pa.Super. 110, 439 A.2d 774 (1982) (status offenses are dependency matters).
The State argues that Ala.Code § 12-15-71(e) supports a finding of delinquency since it allows a judge to commit a CHIN who is later found to be unamenable to treatment to an institution for the care of delinquent children. Although § 12-15-71(e) allows a CHIN to be placed in a facility for delinquent children "upon a further hearing that the child is not amenable to treatment or rehabilitation under any prior disposition," the statute does not permit a CHIN to be adjudged a delinquent because she is not amenable to treatment. Section 12-15-71(e) simply allows for an additional method of treatment for CHINs who meet the requirements of this subsection.
The State further argues that, since § 12-15-71(e) would allow C.J. to be placed with the Department of Youth Services even if she were not adjudged a delinquent, the juvenile court's ruling should be upheld because the end result would be the same. Not only does an adjudication of delinquency stigmatize the child, but such an adjudication may be used against her even after the age of majority "in sentencing proceedings after conviction of a crime for the purposes of a presentence study and report." Ala.Code § 12-15-72(b) (1975). Certainly, an adjudication of delinquency would be considered a more serious disposition in a presentence report than a prior disposition that the child was in need of supervision. Therefore, the end result is not the same.
Based on the above considerations, we hereby reverse the adjudication of delinquency and remand this case to the juvenile court for proceedings consistent with this opinion.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
All the Judges concur.
NOTES
[1] The appellant argues in brief that the court erred in finding C.J. unamenable to treatment. We find it unnecessary to consider this contention, as the record clearly supports the court's finding that C.J. was unamenable to treatment.
[2] We note that this opinion does not limit the court's authority to punish a CHIN who disregards a court order for contempt in accordance with Alabama law. See Ala.Code §§ 12-1-8; 12-1-10 and 12-15-12 (1975); O.W. v. Byrd, 461 So.2d 967 (Fla.Dist.Ct.App.1974). A court may not, however, find a CHIN who has violated the terms of probation or has been found unamenable to treatment to be delinquent vis-a-vis the contempt finding. See State v. Norlund, 31 Wash.App. 725, 644 P.2d 724 (1975). Neither civil or criminal contempt is a crime under Alabama law. This is indicated by the limited punishment provided for criminal contempt in Ala.Code § 12-11-30 (1975). Criminal contempt constitutes a "violation." See § 13A-1-2(2).