Grafton
No. 97-676

### THE STATE OF NEW HAMPSHIRE

v.

### RYAN P. HOWE

April 7, 2000

*Philip T. McLaughlin*, attorney general (*Patrick E. Donovan*, assistant attorney general, on the brief, and *John C. Kissinger, Jr.*, assistant attorney general, orally), for the State.

*William R. Loftus*, of Lebanon, by brief and orally, for the defendant.

HORTON, J. The defendant, Ryan P. Howe, appeals the ruling of the Superior Court (*Hampsey*, J.) that he violated the terms of his probation. We affirm.

The following facts were adduced from the transcript of the hearing and the record presented by the parties. The defendant pleaded guilty to a charge of carrying a loaded pistol or revolver without a license, RSA 159:4 (1994 & Supp. 1999), on May 12, 1995. He received a suspended sentence of one-to-two years in the State Prison and was placed on two years probation. As part of his probation, the defendant was not to possess any firearms. On October 12, 1996, two women reported to the police that the defendant had waved a handgun in front of them. On January 3, 1997, the defendant's probation officer filed a violation of probation report with the superior court.

Prior to his probation violation hearing, the defendant moved to depose the two complaining witnesses and requested a full day for the hearing. The trial court denied the motion for depositions and scheduled a three-hour hearing. The State presented its case on August 11, 1997. The matter was then scheduled for additional time on August 22, 1997. In the interim, the defendant subpoenaed one of the State's witnesses to reappear on the second day of the hearing. The trial court granted the State's motion to quash this subpoena. During the second day of the hearing, the defendant offered five

witnesses for examination. The trial court limited the testimony of one witness to the scope of the defendant's offer of proof. In lieu of allowing two other witnesses to testify, the court accepted an offer of proof, stating, "That's already been established; nobody doubts that," and accepted a statement outlining proposed testimony "as an uncontradicted offer of proof that the State will not attack." During the course of the hearing, the trial court confronted the defense attorney about his ability to objectively defend his client because he was the father of the defendant's girlfriend, and made *sua sponte* objections from the bench during the examination of witnesses.

On appeal, the defendant argues the trial court deprived him of his liberty without due process in violation of Part I, Article 15 of the New Hampshire Constitution. He contends that the court erred by: (1) refusing to allow the depositions; (2) limiting the time of the hearing; (3) quashing a subpoena; (4) confronting defense counsel about the propriety of representing the defendant and interposing itself in the adversarial process; (5) refusing to allow two witnesses to testify; (6) limiting the scope of one witness's testimony; and (7) failing to provide a sufficient written basis for its decision.

■ The defendant failed to raise the constitutional issue in a manner that would have afforded the trial court the opportunity to consider it. He, before and during the hearing, never mentioned Part I, Article 15 of the New Hampshire Constitution, and failed to inform the trial court that any of its rulings implicated his due process rights. Because "[w]e will not review on appeal constitutional issues not presented below," *State v. Alexander*, 143 N.H. 216, 219, 723 A.2d 22, 25 (1998) (quotation omitted), we decline to review the constitutional dimension of the defendant's arguments, *see State v. Plante*, 134 N.H. 456, 459, 594 A.2d 1279, 1282 (1991). Accordingly, "we will consider his argument[s] under an abuse of discretion standard." *Id.* Under this standard, "[t]he defendant must show that the trial court's ruling[s were] clearly untenable or unreasonable to the prejudice of his case." *State v. Haines*, 142 N.H. 692, 698, 709 A.2d 762, 766 (1998) (quotation omitted).

■ The defendant first argues that the trial court erred by denying him the opportunity to depose the complaining witnesses prior to the hearing. The defendant contends that a probation violation hearing is a civil proceeding and, therefore, that any denial of a request for depositions must meet the standard set forth in Superior Court Rule 35. While it is true that a probation violation is not a criminal offense, *see State v. Fowlie*, 138 N.H. 234, 237, 636 A.2d 1037, 1039 (1994), or part of a criminal prosecution, *see State v.*

*Brackett*, 122 N.H. 716, 717, 449 A.2d 1210, 1211 (1982); *cf. Stone v. Shea*, 113 N.H. 174, 176-78, 304 A.2d 647, 648-49 (1973) (in probation violation hearing, proof is by a preponderance, and evidence is not subject to suppression), we have never stated that probation revocation proceedings are civil proceedings. Rather, such proceedings are in the nature of a continuation of a criminal sentencing. *Cf. Mempa v. Rhay*, 389 U.S. 128, 134-37 (1967) (recognizing right to counsel in all criminal proceedings that affect an accused's substantive rights, including probation revocation proceedings). *But cf. Brackett*, 122 N.H. at 717, 449 A.2d at 1211 (for purposes of appeal, probation violation hearing is separate proceeding that occurs after sentencing). Thus, the rules governing depositions in a probation revocation hearing are found in RSA 517:13 (1997), which provides for depositions in criminal cases. *See generally Haines*, 142 N.H. 692, 709 A.2d 762 (discussing standards in RSA 517:13).

██ Under RSA 517:13, the burden is on the defendant requesting a deposition to establish necessity. *State v. Rhoades*, 139 N.H. 432, 434, 655 A.2d 414, 415 (1995). "When determining necessity, the [trial] court is instructed by the discovery statute to consider the complexity of the issues involved, other opportunities or information available to discover the information sought by the deposition, and any other special or exceptional circumstances which may exist." *Id.* at 434-35, 655 A.2d at 415 (quotations omitted). The defendant does not dispute that he was provided copies of signed statements from each of the complaining witnesses as well as the police report of the gun-waving incident prior to the probation violation hearing. In his request for depositions, however, the defendant argued that the written statements and police reports were insufficient to allow his counsel to prepare adequately for the probation violation hearing. He argued that they failed to provide information regarding the animosity and history between the defendant and one of the complaining witnesses as well as other individuals who either lived with one of the complaining witnesses or were friends of the complaining witnesses. The defendant also stated he would like to question the two witnesses on the "essentially identical" nature of their statements and to identify others who may have knowledge of the events that occurred between the defendant and the complaining witnesses. These arguments do not establish necessity for depositions because the facts of the gun-waving incident and any animosity between the defendant and others were known to the defendant. In addition, the issues involved were not complex, and the prosecution provided the written statements of the witnesses and the police

reports to the defendant well in advance of the hearing. *See Haines*, 142 N.H. at 698, 709 A.2d at 766; *Rhoades*, 139 N.H. at 434, 655 A.2d at 415. Therefore, we conclude that the trial court did not abuse its discretion in denying the defendant's motion to depose the witnesses.

■ The defendant next argues that the trial court failed to provide enough time for him to present a full and complete defense. The court scheduled a three-hour hearing on August 11, 1997. After the State concluded its case, the defendant stated that he had three witnesses to present and that he could not complete his defense in the remaining time. As a result, the hearing was continued until August 22, 1997, for two hours. During the second day of the hearing, the defendant offered five witnesses. The court accepted testimony of three witnesses and, in lieu of receiving testimony from the remaining two witnesses, accepted alternative evidence without objection by the defendant. Following the presentation of these five witnesses, the defendant indicated that he had "nothing further" to offer. Although the defendant requested a full day for the hearing, he does not refer to any part of the record demonstrating that he requested more time at the conclusion of his offered evidence or that he was unable to present his evidence and argument in the time allotted. Consequently, the trial court did not abuse its discretion in allotting the time for the probation hearing.

■ The defendant next submits that the trial court erred in granting the State's motion to quash a subpoena. During the State's case, the defendant's probation officer was called as a witness. The defendant cross-examined the witness, and, at the conclusion of her testimony, she was excused without objection. During the interim between the two hearing days, the defendant subpoenaed this witness to return for further cross-examination. The defendant argued that he needed to recall his probation officer to inquire about two matters relating to a complaint he had made against her. In granting the motion to quash, the trial court found that the defendant and his counsel should have known about these areas of inquiry before the hearing on August 11, 1997, and that he had the opportunity to fully cross-examine the witness on these issues at that time. The defendant argues that he failed to inform his counsel of the possible area of impeachment before the start of the hearing and, as a result, his counsel should have been able to recall the witness to explore "facts which came to light after the August 11, 1997 hearing." The ability to ask these impeachment questions was within the defendant's control at the time the witness was subject to

cross-examination. Therefore, the trial court did not abuse its discretion in granting the motion to quash the subpoena. *See State v. Smart*, 136 N.H. 639, 667-68, 622 A.2d 1197, 1216, *cert. denied*, 510 U.S. 917 (1993).

■ The defendant next argues that the trial court's confrontation with defense counsel and *sua sponte* objections were inappropriate and prejudiced his case. During the second day of the hearing, the trial judge discussed his opinion that defense counsel could not objectively represent the defendant due to the defendant's close relationship with counsel's daughter and grandchildren. This confrontation appeared to be a continuation of an off-the-record discussion in chambers. In addition to this incident, the court made several objections to questions presented by the defendant's attorney. Assuming, for the sake of argument, that the trial court's actions were inappropriate, the defendant fails to demonstrate how this conduct prejudiced the outcome of his case. Therefore, the defendant fails to make the required showing to support a determination that the trial court abused its discretion in the conduct of the hearing.

■ The State contends that we should not consider the defendant's arguments concerning limitations on witness testimony because the defendant did not preserve them for our review. We agree. "The general rule in New Hampshire is that a contemporaneous and specific objection is required to preserve an issue for appellate review." *State v. Searles*, 141 N.H. 224, 230, 680 A.2d 612, 616 (1996) (quotations omitted). "The purpose of our preservation requirement is to ensure that the trial court is made aware of the substance of the objection and thus given an opportunity to correct the error . . . ." *State v. Cole*, 142 N.H. 519, 521, 703 A.2d 658, 659 (1997). While he failed to make specific objections on the record, the defendant contends that he sufficiently raised the arguments that the trial court erred by limiting the testimony from his third witness and denying to hear testimony from his last two witnesses. *See State v. Bouchard*, 138 N.H. 581, 584-85, 643 A.2d 963, 965 (1994). The record, however, indicates that the trial court accepted the full extent of the defendant's offers of proof and statement of proposed testimony. The trial court was never made aware that admitting or limiting evidence in this manner might be error. Nor did the defendant request, or offer any reason for allowing, the admission of additional evidence from the proposed witnesses. Therefore, the defendant did not preserve his arguments that the trial court

improperly limited or excluded witness testimony. *See Searles*, 141 N.H. at 230, 680 A.2d at 616-17.

 The defendant's final argument, that the trial court erred in failing to provide a sufficient written basis for its decision, was not presented in the defendant's notice of appeal. As a result, this last argument was waived by the defendant. *State v. Monroe*, 142 N.H. 857, 867, 711 A.2d 878, 885 (1998), *cert. denied*, 119 S. Ct. 807 (1999).

*Affirmed.*

NADEAU, J., did not sit; the others concurred.