NOTICE:  This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press.  Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Hillsborough-southern judicial district
No. 2016-0535

THE STATE OF NEW HAMPSHIRE

v.

ANTHONY BARNABY

THE STATE OF NEW HAMPSHIRE

v.

DAVID CAPLIN

Argued:  June 21, 2017
Opinion Issued:  October 4, 2017

Joseph A. Foster, attorney general (Sean R. Locke, assistant attorney general, on the brief and orally), for the State.

Sisti Law Offices, of Chichester, (Mark Sisti and Wade Harwood on the brief, and Mr. Sisti orally), for Anthony Barnaby.

David M. Rothstein, deputy director public defender, of Concord, on the brief and orally, for David Caplin.

HICKS, J.  The defendants, Anthony Barnaby and David Caplin, are charged with two counts each of first degree and second degree murder in the deaths of two women that occurred in 1988.  See RSA 626:8 (1986) (amended 2001); 630:1-a, I(a) (2016); 630:1-b, I(b) (2016).[1]  The State appeals an order of the Superior Court (Colburn, J.) denying, in part, its motion to depose certain foreign witnesses pursuant to RSA 517:13 (2007).  See RSA 606:10 (2001).  We vacate and remand.

The following facts are supported by the record, our prior opinion, see State v. Caplin, 134 N.H. 302 (1991), or are agreed upon by the parties.  The State previously brought Barnaby to trial three times for the two murders, alleging that he acted in concert with Caplin in committing the crimes.  Caplin, 134 N.H. at 304.  Each trial ended in a mistrial based upon a hung jury.  Following Barnaby's third trial, the State entered a nolle prosequi on the charges against him.  The State also previously charged Caplin with two counts of first degree murder, however, it subsequently entered a nolle prosequi on the charges.

In 2010, the State reopened its investigation into the murders.  As a result of that investigation, a grand jury indicted the defendants on the present charges on August 19, 2015.  In April 2016, the State moved, pursuant to RSA 517:13, to take video depositions of eleven Canadian residents for potential use at the defendants' trials.  The State maintained that the prospective deponents are material witnesses who cannot be compelled to testify at trial and, therefore, video depositions are necessary "to preserve their testimony and ensure a fair trial."  The defendants objected.

On June 24, 2016, the court held a hearing on the State's motion at which it heard legal argument from the parties.  Subsequently, the court issued an order concluding that the fact that the witnesses are not subject to subpoena by the New Hampshire courts, "standing alone, is insufficient to demonstrate 'necessity.'"  Instead, citing RSA 517:13, II(a), the court ruled that "the State must prove that it is 'unlikely' that the witness will be 'available for trial due to absence from the jurisdiction or reluctance to cooperate.'"  (Ellipsis omitted.)  The court then found that the State had met its burden of proving that the depositions of one witness in Caplin's case and one witness in Barnaby's case were necessary, but that it had failed to demonstrate a necessity for the other depositions.

The State sought reconsideration, arguing that the trial court had applied a higher burden of proof for obtaining depositions than is required under RSA 517:13, II(a).  The State also sought to expand the record regarding

---

[1] We recognize that the crimes for which the defendants have been indicted occurred in 1988; however, because RSA 630:1-a, I(a) and 630:1-b, I(b) have not since been amended, for ease of reference, we cite the 2016 bound volume of these statutes rather than the 1986 bound volume.

the witnesses' reluctance to appear for trial and the efforts the State had already made to speak with the witnesses during its investigation. In doing so, the State provided an affidavit from a law enforcement officer which detailed additional information about each witness and their respective levels of cooperation during the investigation. The State further argued that the court "should do a separate analysis pursuant to RSA 517:13, II(b), and find that the State [had] met its burden to establish that the requested depositions are necessary in order to ensure a fair trial, to avoid surprise and to avoid burdensome delays." In addition, the State sought clarification regarding "the efforts [the court] expects the State to make to produce [the] witnesses for trial and for their depositions." The defendants objected to the State's motion, and Caplin sought partial reconsideration as to the court's order granting the deposition of one witness in his case.

On September 14, 2016, the trial court issued an order ruling that it had not misapplied the burden of proof in RSA 517:13, II(a). The court further "considered the need for depositions based on the State's original submission under RSA 517:13, II(b)" and found that the State had failed to demonstrate the need for any additional depositions beyond those that the court had already authorized under subsection (a). It reiterated its ruling that the fact that the witnesses are not subject to the jurisdiction of the New Hampshire courts, by itself, "is insufficient to demonstrate necessity" and that, to meet its burden, the State had to "set forth specific facts showing that it is unlikely that a witness will appear for trial or that some other compelling circumstance exists before ordering a video trial deposition." (Quotation omitted.)

The court then reconsidered its decision with respect to each witness pursuant to RSA 517:13, II(a) and (b) in light of the affidavit provided by the State, and ruled that depositions of only two witnesses in connection with Barnaby's case are necessary and that the "State is not entitled to take any depositions in connection with . . . Caplin's case." The court noted that "[t]o the extent the State obtains sufficient evidence in the future, the Court may be willing to reconsider its decision." With regard to the efforts it expected the State to make to ensure that the witnesses appeared at trial, the court explained that it "expects the State to pay for the witnesses' reasonable travel expenses and lost wages, as appropriate, but reserves final ruling on the sufficiency of such efforts in the context in which that issue is raised." This appeal followed.

On appeal, the State argues that the trial court applied the wrong standard in determining whether the State had met its burden to take depositions under RSA 517:13, II(a). The State contends that the trial court "demanded that [the State] be clairvoyant in asserting whether the witnesses would make themselves available to testify at trial," and, in essence, required the State to prove that the witnesses would be unavailable for trial. The State, therefore, maintains that the court erroneously concluded that the State had

3

not met its burden of demonstrating a necessity for the depositions. As a result, the State contends that we should find that the trial court erred and remand the case for the court to review the State's request using the proper standards.

As a threshold matter, the parties dispute the applicable standard of review. According to the State, we should review this matter de novo because it maintains that the "question [on appeal] turns on the trial court's interpretation of RSA 517:13, II(a)." By contrast, the defendants contend that we should review this matter under our unsustainable exercise of discretion standard. We agree with the State. The crux of the issue before us is whether the trial court properly interpreted RSA 517:13, II(a). "The interpretation of a statute is a question of law, which we review de novo." State v. Sanborn, 168 N.H. 400, 408 (2015) (quotation omitted).

"In matters of statutory interpretation, we are the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole." Id. (quotation omitted). "We first examine the language of the statute and ascribe the plain and ordinary meanings to the words used." Id. (quotation omitted). If the statute's language is clear and unambiguous, we do not look beyond it to discern legislative intent. See id.

RSA 517:13 governs depositions in criminal cases. State v. Haines, 142 N.H. 692, 698 (1998). RSA 517:13, II provides that the trial court

> in its discretion may permit either party to take the deposition of any witness, except the defendant, in any criminal case, upon a finding by a preponderance of the evidence that such deposition is necessary:
>
> (a) To preserve the testimony of any witness who is unlikely to be available for trial due to illness, absence from the jurisdiction or reluctance to cooperate; or
>
> (b) To ensure a fair trial, avoid surprise or for other good cause shown. In determining the necessity, the court shall consider the complexity of the issues involved, other opportunities or information available to discover the information sought by the deposition, and any other special or exceptional circumstances which may exist.

Thus, the purpose of seeking a deposition under RSA 517:13, II(a) is to preserve evidence for possible subsequent use at trial. In order to obtain a deposition under subsection (a), the party seeking the deposition must demonstrate by a preponderance of the evidence that the deposition is "necessary . . . [t]o preserve the testimony of any witness who is unlikely to be

4

available for trial due to illness, absence from the jurisdiction or reluctance to cooperate." RSA 517:13, II(a) (emphasis added); see State v. Howe, 145 N.H. 41, 44 (2000) ("Under RSA 517:13, the burden is on the defendant requesting a deposition to establish necessity.").

It is well established that when determining the necessity for a deposition under RSA 517:13, II(b) the trial court shall consider the statutory factors enumerated in that subsection. See, e.g., State v. Oakes, 161 N.H. 270, 277 (2010); State v. Sargent, 148 N.H. 571, 575 (2002). However, we have not had occasion to specifically address whether those factors also apply to the trial court's necessity determination under RSA 517:13, II(a). Cf. State v. Schonarth, 152 N.H. 560, 564 (2005) (assuming, without deciding, that RSA 517:13, II(a) and (b) must be read separately for purposes of addressing defendant's argument); State v. Fernandez, 152 N.H. 233, 236 (2005) (citing the statutory factors in RSA 517:13, II(b) without addressing whether they apply to RSA 517:13, II(a) and (b)); Howe, 145 N.H. at 44 (generally addressing necessity under RSA 517:13). Given that the necessity requirement in RSA 517:13, II applies to a request for a deposition under both RSA 517:13, II(a) and (b), it logically follows that the statutory factors for determining necessity are applicable to both subsections. This interpretation is consistent with New Hampshire Rule of Criminal Procedure 13, which provides, in relevant part, that:

> The court in its discretion may permit either party to take the deposition of any witness, except the defendant, in any criminal case upon a finding by a preponderance of the evidence that such deposition is necessary:
>
> > (1) To preserve the testimony of any witness who is unlikely to be available for trial due to illness, absence from the jurisdiction, or reluctance to cooperate; or
> >
> > (2) To ensure a fair trial, avoid surprise, or for other good cause shown.
>
> In determining the necessity, the court shall consider the complexity of the issues involved, other opportunities or information available to discover the information sought by the deposition, and any other special or exceptional circumstances that may exist.

N.H. R. Crim. P. 13(b). Therefore, when determining the necessity for a deposition under RSA 517:13, II(a) or (b), "the court shall consider the complexity of the issues involved, other opportunities or information available to discover the information sought by the deposition, and any other special or exceptional circumstances which may exist." RSA 517:13, II(b).

The State argues that to obtain a deposition under RSA 517:13, II(a), the plain language of the statute requires that "the moving party need prove only one of the three enumerated conditions — 'illness,' 'absence from the jurisdiction,' 'reluctance to cooperate' — to satisfy its burden." We agree. The use of the disjunctive "or" in RSA 517:13, II(a) establishes three alternative conditions that allow for a deposition to be taken to preserve the testimony of a witness who is unlikely to be available for trial — "illness, absence from the jurisdiction or reluctance to cooperate." RSA 517:13, II(a) (emphasis added). Thus, a party seeking a deposition under RSA 517:13, II(a) need prove only one of the three enumerated conditions. See Appeal of Niadni, Inc., 166 N.H. 256, 261 (2014) (explaining that use of disjunctive in statute meant only one of two alternatives need be shown); see also Unit Owners Assoc. of Summit Vista v. Miller, 141 N.H. 39, 45 (1996) (concluding that use of disjunctive "or" in New Hampshire Consumer Protection Act manifests clear intent to award damages for either knowing or willful acts).

We further agree with the State that the party seeking a deposition under RSA 517:13, II(a) need not prove that the witness is, in fact, unavailable for trial. Unlike New Hampshire Rule of Evidence 804, which allows for the admission of certain hearsay statements if the declarant is unavailable as a witness for trial, see N.H. R. Ev. 804, the language of RSA 517:13, II(a) makes clear that, to obtain a deposition, the witness need only be "unlikely to be available for trial," RSA 517:13, II(a) (emphasis added). The legislature's use of the word "unlikely" demonstrates that the showing of unavailability need not be conclusive in order to obtain a deposition under subsection (a).

The State further contends that, for purposes of applying RSA 517:13, II(a), a witness "who lives in a foreign country, outside the jurisdiction of [the] New Hampshire courts, and who cannot be compelled to appear in court and testify because the witness is not subject to the jurisdiction of [the] New Hampshire courts is 'unlikely to be available.'" (Citation omitted.) We disagree that, by itself, the fact that a witness cannot be compelled to appear in court because the witness is not subject to the jurisdiction of the New Hampshire courts is sufficient to demonstrate that the witness is "unlikely to be available for trial." RSA 517:13, II(a). Had the legislature intended such a result it could have explicitly provided for a deposition to be granted upon a mere showing that the witness resides in a foreign country and is not subject to the jurisdiction of the New Hampshire courts.

Instead, the legislature required the moving party to show that the deposition is necessary to preserve the testimony of a witness "who is unlikely to be available for trial due to illness, absence from the jurisdiction or reluctance to cooperate." RSA 517:13, II(a) (emphasis added). By its plain terms, the statute requires a direct relationship between the witness's likelihood of being available for trial and his or her illness, absence from the jurisdiction or reluctance to cooperate. In other words, it must be because of

6

the witness's illness, absence from the jurisdiction, or reluctance to cooperate that the witness is unlikely to be available for trial, not simply that the witness is ill, absent from the jurisdiction or reluctant to cooperate. See Webster's Third New International Dictionary 699 (unabridged ed. 2002) (defining "due to" as meaning "because of"). Thus, without more, the fact that a witness resides in a foreign jurisdiction and is not subject to the jurisdiction of the New Hampshire courts is not enough to prove that the witness is "unlikely to be available for trial." RSA 517:13, II(a). However, whether a witness resides in a foreign country and is not subject to the jurisdiction of the New Hampshire courts is a factor that can be considered when determining whether a deposition is necessary to preserve the testimony of a witness who is unlikely to be available for trial due to one of the enumerated conditions in RSA 517:13, II(a). See RSA 517:13, II(a), (b).

Here, the court found that the fact that a witness is not subject to the jurisdiction of the New Hampshire courts, "standing alone, is insufficient to demonstrate 'necessity.' Rather, the State must prove that it is 'unlikely' that the witness will be 'available for trial due to . . . absence from the jurisdiction or reluctance to cooperate." (Citations omitted.) Although we agree with the trial court that the fact that a witness is not subject to the jurisdiction of the New Hampshire courts is, by itself, not enough to demonstrate necessity, it appears that after the court made this ruling, it then discounted that fact entirely as a factor in its analysis. Because the trial court did not have the benefit of our interpretation of RSA 517:13, II(a) and it is not clear what weight, if any, that the trial court placed upon the fact that these witnesses are not subject to the jurisdiction of the New Hampshire courts, we vacate its decision and remand for the trial court to reconsider whether the State has met its burden in light of our interpretation of RSA 517:13, II(a).

Given our decision to vacate the trial court's decision denying the State's request for depositions and to remand for further proceedings, we need not address the other arguments raised by the State on appeal.

Vacated and remanded.

LYNN and BASSETT, JJ., concurred.