Strafford
No. 91-003

THE STATE OF NEW HAMPSHIRE

v.

EDWARD K. ELLSWORTH

August 20, 1992

*John P. Arnold,* attorney general (*Janice K. Rundles,* assistant attorney general, on the brief and orally), for the State.

*W. Kirk Abbott, Jr.,* assistant appellate defender, of Concord, by brief and orally, for the defendant.

THAYER, J. The defendant, Edward Ellsworth, was convicted by a jury of aggravated felonious sexual assault, RSA 632-A:2, and sen-

tenced to seven and one-half to fifteen years imprisonment. The defendant raises two questions on appeal. First, did the Superior Court (*Dunn*, J.) err in denying the defendant's motion to compel the victim to answer deposition questions regarding past nonconsensual sexual activity. Second, did the Superior Court (*Dickson*, J.) err in refusing to allow cross-examination of the victim at trial regarding her prior nonconsensual and consensual sexual activity. Because the evidence sought would have been inadmissible at trial, we affirm the trial court's rulings.

The defendant was convicted of sexually assaulting a woman in the early morning hours of June 9, 1989. The victim was taken to the hospital after the assault where, according to the attending nurse's report, the victim said that the Women's Resource Center need not be called because she had "been through counseling for same in past." At the victim's deposition prior to trial, defense counsel asked the victim if she had "ever been raped before, and can you tell me about it?" On advice of counsel, she refused to answer the question. Defense counsel then filed a motion to compel the victim to answer questions regarding the possibility of a prior rape. A hearing was held, and the trial court denied the defendant's motion. The defendant then filed a pretrial motion, with a memorandum in support thereof, requesting a hearing pursuant to *State v. Howard*, 121 N.H. 53, 58–59, 426 A.2d 457, 460–61 (1981) (defendant in rape prosecution must be given opportunity, upon motion, to demonstrate that due process requires admission of evidence regarding victim's prior sexual activity). The court denied the defendant's motion at a hearing held on the first day of trial.

 The defendant contends that he was denied due process when the trial court refused to compel the victim to answer the deposition question regarding her prior allegation of rape. In order to question a prosecutrix about specific instances of prior sexual activity during a deposition, "[t]he defendant must show . . . that there is a *reasonable possibility* that the information sought will produce the type of evidence that due process will require to be admitted at trial." *State v. Miskell*, 122 N.H. 842, 846, 451 A.2d 383, 386 (1982); *see* N.H. R. Ev. 412(b)(1). The trial court has inherent authority to rule in its discretion upon matters relating to pretrial discovery. *State v. Sorrell*, 120 N.H. 472, 475, 416 A.2d 1375, 1377 (1980). We will not find error absent an abuse of that discretion, nor will we overturn the trial court's ruling on pretrial discovery unless the error is "prejudicial to the substantive rights of the defendant." *Id.*

At the hearing on his motion to compel testimony, the defendant offered to prove that based upon information obtained from the victim's former boyfriend, the circumstances of the alleged prior rape appeared to be "very similar" to the circumstances of the instant case. The defendant argued that "perhaps the reason for her alleging rape is the fear she might have concerning the existing boyfriends [*sic*]. In other words, 'I don't want to get my boyfriend mad at me.'" On appeal, the defendant argues that "a fair inference from defense counsel's proffer at the hearing was that the prior allegation of rape was made in an effort to shield her from a boyfriend's anger at her consensual sexual encounter with another during the relationship. In essence, the defendant was claiming that the victim had falsely claimed rape after prior consensual sexual activity."

The facts in the present case are similar to those in *State v. Dukette*, 127 N.H. 540, 548–49, 506 A.2d 699, 706–07 (1986), where the trial court denied the defendant's request to order discovery of a statement given by the victim to an examining physician that she had been raped in the past but had not reported it. We reasoned:

> "Since there had been no prior trial to establish the facts relating to the alleged [prior rape], those facts could only have been proven by original litigation at the present trial. Admitting evidence to prove the facts about the earlier incident, however, would have created a trial within a trial, and would have shifted the focus of this case to the prior incident. Such evidence would have been collateral and, thus, inadmissible in the trial of this case."

*Id.* at 549, 506 A.2d at 706. We then affirmed the trial court's refusal to order discovery.

In this case, as in *Dukette*, there was no trial on the prior allegation of rape. Therefore, in order to establish that the prior allegation was false the defendant would have had to present extrinsic evidence regarding the prior allegation of rape, a matter collateral to this trial. Because this extrinsic evidence would have been inadmissible at trial, *see* N.H. R. Ev. 608(b) (specific instances of witness conduct may not be proven by extrinsic evidence for purposes of impeachment), the trial court did not abuse its discretion in denying the defendant's discovery request regarding whether the victim had been raped in the past. *See Dukette*, 127 N.H. at 549, 506 A.2d at 707; *see also State v. Brooks*, 126 N.H. 618, 623, 495 A.2d 1258, 1262 (1985) (collateral facts may not be proven by contradictory third-party testimony).

■ The defendant further argues on appeal that the victim's response to the deposition question might have allowed him to impeach her credibility at trial through the use of inconsistent statements. The defendant did not, however, present this argument to the trial court, and we will therefore not consider it on appeal. *State v. Santana*, 133 N.H. 798, 808–09, 586 A.2d 77, 83–84 (1991) (grounds for suppression not raised at trial will not be considered on appeal).

The defendant next argues that he was denied the right of confrontation and due process when the trial court refused to permit cross-examination of the victim at trial regarding the prior allegation of rape and two incidents of prior consensual sexual activity. After the defendant's request to order discovery was denied, the defendant filed a motion for hearing pursuant to *Howard*, 121 N.H. at 58–59, 426 A.2d at 460–61, and a memorandum of law in support thereof. The memorandum of law states that the victim "has a propensity to lie in matters relating to both her non-consensual and consensual sexual activity" and according to the victim's former boyfriend, the victim did not claim rape on the prior occasion until she had to explain her tardiness in getting home late from work one evening. Additionally, the former boyfriend believed that the victim had consented to sexual activity on two different occasions in social settings similar to the one in which this rape occurred.

A hearing was held on the first day of trial at which the defendant requested to cross-examine the victim regarding her statement at the hospital that she had been through rape counseling in the past. Defense counsel stated: "I cannot offer to the Court a direct relevance in relation to the alleged incident that occurred on June 8th, but I can suggest to the Court that it may relate and does relate to her credibility."

■■ New Hampshire Rule of Evidence 608(b) provides that specific instances of a witness's conduct may "in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross examination of the witness . . . ." N.H. R. Ev. 608(b). Trial courts have broad discretion in determining the scope of cross-examination and we will not overturn the trial court's ruling absent an abuse of that discretion. *State v. Isaacson*, 129 N.H. 438, 440, 529 A.2d 923, 924 (1987).

At the hearing, the trial court repeatedly asked the defendant how the victim's statement at the hospital bears upon her credibility. Counsel stated "that her reporting or lack of reporting of prior incidents bears on her credibility, her truth telling in this instance."

While the defendant had difficulty articulating an argument at the hearing, it appears from the record that the defendant wanted to establish that the alleged fact that the victim reported a previous rape to her former boyfriend, but did not report it to the police, indicates that she may have lied about the previous rape to her former boyfriend. The sole basis of the defendant's argument was the personal opinion of the victim's former boyfriend that the victim falsely alleged rape to him. All of the victim's statements regarding the prior rape, including those made to her former boyfriend and at the hospital, were consistent. We find no abuse of discretion in the trial court's refusal to permit cross-examination of the victim regarding her statement at the hospital that she had been through rape counseling, for purposes of impeachment, based upon the uncorroborated personal opinion of the victim's former boyfriend that the victim had lied to him about being raped.

■■ Finally, the defendant contends that the trial court erred in excluding testimony regarding the victim's prior consensual sexual activity. Such evidence is made inadmissible by the the rape shield statute. RSA 632-A:6. The privilege must yield, however, if the defendant demonstrates that due process requires the admission of the evidence because its probative value outweighs its prejudicial effect. *Howard*, 121 N.H. at 58–59, 426 A.2d at 460–61. Again, the basis for the defendant's request for a hearing to determine whether the evidence would be admitted at trial was the victim's former boyfriend's beliefs about the victim's prior consensual sexual activity. At the *Howard* hearing, however, the defendant completely abandoned the conclusory statement he made in his memorandum of law that due process and the confrontation clause require that he be allowed to introduce evidence regarding the victim's prior consensual sexual activity on two occasions unrelated to the prior alleged rape. We hold that the trial court did not err in finding that the defendant failed to demonstrate that due process required the admission of evidence regarding the victim's prior consensual sexual activity.

*Affirmed.*

All concurred.