Cheshire
No. 93-812

THE STATE OF NEW HAMPSHIRE

v.

DENNIS RHOADES

March 6, 1995

*Jeffrey R. Howard,* attorney general (*Jennifer J. Patterson,* attorney, on the brief and orally), for the State.

*Andrew R. Schulman,* public defender, of Nashua, by brief and orally, for the defendant.

## MEMORANDUM OPINION

HORTON, J. The defendant, Dennis Rhoades, was convicted of attempted aggravated felonious sexual assault, RSA 632-A:2, I(a) (Supp. 1994); RSA 629:1 (1986), after a jury trial in Superior Court (*Brennan,* J.). On appeal, he argues that the trial court erred in denying his motion to depose the victim. We affirm.

The defendant was indicted for allegedly attempting to force his penis into the mouth of the victim, his wife at the time. The alleged incident occurred approximately three months before the couple separated. The defendant filed a motion to depose this witness. The trial court denied his motion stating that the defendant did not show by a preponderance of the evidence that the deposition was necessary to ensure a fair trial, avoid surprise, or provide exculpatory evidence.

We reverse the trial court's ruling only if the trial court abused its discretion. *See State v. Lewis,* 129 N.H. 787, 799, 533 A.2d 358, 366 (1987). A defendant has no general and unqualified due process right under either the State or Federal Constitutions to compel depositions in criminal cases. *State v. Heath,* 129 N.H. 102, 108–09, 523 A.2d 82, 87 (1986). While "specific procedural and factual features of a given case may prompt a claim to discovery on due process grounds," *State v. Adams,* 133 N.H. 818, 825, 585 A.2d 853, 856 (1991) (quotation omitted), depositions in criminal cases are ordinarily governed by statute in our State. The controlling statute states in pertinent part:

The court in its discretion may permit either party to take the deposition of any witness, except the defendant, in any criminal case, upon a finding by a preponderance of the evidence that such deposition is necessary:

. . . .

(b) To ensure a fair trial, avoid surprise or for other good cause shown . . . .

RSA 517:13, II (Supp. 1994).

The defendant must make some showing of necessity before the trial court can grant a motion to depose. *Id.* This showing must be made with reference to the facts and circumstances of the particular case. *See State v. Campbell,* 127 N.H. 112, 115, 498 A.2d 330, 332 (1985).

On appeal, the defendant offers a number of reasons not presented to the trial court why it was necessary to depose the victim. In determining whether the trial court abused its discretion, however, we look only to the evidence the trial court had before it. *See State v. Ellsworth,* 136 N.H. 115, 119, 613 A.2d 473, 475 (1992). The defendant's written motion for deposition contains general allegations that the deposition is needed to ensure a fair trial, adequately prepare a defense, and uncover potentially exculpatory evidence, but does not contain any specific facts or circumstances. At the hearing on the motion for deposition, the defendant merely stated that inconsistencies in the victim's statements required a deposition. For purposes of this analysis we will accept the defendant's contention that these inconsistencies involved differences between the victim's statements to a worker from the New Hampshire Division for Children and Youth Services (DCYS) and to the State Police, even though this is not clearly discernable from the trial record. The victim allegedly told a DCYS worker that the defendant actually penetrated her, and the DCYS worker so testified at trial. In the victim's written statement to the police, however, the victim stated that the defendant only attempted penetration. This inconsistency forms the basis of the defendant's assertion of error.

While inconsistencies may necessitate a deposition to ensure a fair trial or to prepare a defense in some cases, in this case any necessity was mitigated by the victim's detailed statement concerning her allegations. "Discovery depositions are not always essential to adequate trial preparation, for there may be other sources of information and evidence available to an accused." *Adams,* 133 N.H. at 825, 585 A.2d at 856. When determining necessity, the court is instructed by the discovery statute to "consider the complexity of the

issues involved, other opportunities or information available to discover the information sought by the deposition, and any other special or exceptional circumstances which may exist." RSA 517:13, II. This is what the trial court did.

The trial court found that the defendant did not show by a preponderance of the evidence that it was necessary to depose the victim because the case was not complex and the defendant had been provided open file discovery, which included the police report and the two-page, handwritten statement by the victim thoroughly detailing her allegations. Furthermore, the defendant was aware that the victim had given the DCYS worker an inconsistent statement. We, therefore, hold that the trial court did not abuse its discretion by denying the defendant's motion to depose the victim.

*Affirmed.*

All concurred.