Strafford
No. 95-403

THE STATE OF NEW HAMPSHIRE

v.

BRIAN CHICK

December 18, 1996

*Jeffrey R. Howard*, attorney general (*Jeffrey S. Cahill*, assistant attorney general, on the brief and orally), for the State.

*Joachim Barth*, assistant appellate defender, and *Donald Bisson*, assistant appellate defender, of Concord (*Mr. Barth* on the brief, and *Mr. Bisson* orally), for the defendant.

BRODERICK, J. After a jury trial in Superior Court (*Mohl, J.*), the defendant, Brian Chick, was convicted of multiple counts of aggravated felonious sexual assault and felonious sexual assault. *See* RSA 632-A:2, :3 (1996). On appeal, the defendant argues that the trial court erred when it refused to grant various motions made prior to, or during, trial. We affirm.

In 1980, when the victim was eleven years old, her family moved to a new home in Milton. The defendant, who had a daughter from a prior marriage, lived across the street. The victim and the defendant's daughter soon became best friends. Through this friendship, the defendant gained the victim's trust and initiated an escalating scheme of sexual assaults over a period of at least four years. The defendant was ultimately indicted and convicted for six acts of sexual assault.

At issue on appeal are three motions. First, the defendant sought to depose the victim. Second, the defendant requested a bill of particulars on the charge that he engaged in sexual intercourse with the victim when she was between the ages of thirteen and sixteen years old. Third, the defendant moved for a mistrial following the State's introduction of a statement which he allegedly made to the victim several years after the abuse had ended, and which the defendant asserted was not disclosed by the State as required. The motions were denied.

█ A trial court's decision to deny a motion for a deposition, a bill of particulars, or a mistrial is reviewed by this court under the abuse of discretion standard. *State v. Roy*, 140 N.H. 478, 482-83, 668 A.2d 41, 45 (1995) (mistrial); *State v. Voorhees*, 137 N.H. 650, 652, 632 A.2d 825, 826 (1993) (bill of particulars); *State v. Ellsworth*, 136 N.H. 115, 117, 613 A.2d 473, 474 (1992) (pretrial discovery). Accordingly, we will overturn the trial court's rulings only if the defendant can show that they are clearly untenable or unreasonable to the prejudice of his case. *See Voorhees*, 137 N.H. at 652, 632 A.2d at 826.

We note at the outset that the defendant claims in every section of his brief that a new trial is necessitated as a result of surprise in violation of the defendant's right to due process under part I, article 15 of the New Hampshire Constitution and the fifth and fourteenth amendments to the United States Constitution. The defendant does not further elaborate upon this argument; accordingly, we do not stop to ponder its implications and instead consider it waived. *See State v. Hermsdorf*, 135 N.H. 360, 365, 605 A.2d 1045, 1048 (1992). In this case, passing reference to "due process," without more, is not a substitute for valid constitutional argument.

I

A criminal defendant may have a constitutional right to compel a deposition in certain instances. *See State v. Heath*, 129 N.H. 102, 109, 523 A.2d 82, 87 (1986). As the defendant acknowledges, however, a motion for a deposition is typically controlled by statute. *See* RSA 517:13, II (Supp. 1996). The statute provides that the court, in its discretion, may allow a deposition when a party has shown, by a preponderance of the evidence, that the deposition is needed "[t]o ensure a fair trial, avoid surprise or for other good cause shown." RSA 517:13, II(b).

At oral argument before this court the defendant asserted that the deposition had been sought on two grounds: to examine the victim's delayed reporting of the abuse, and to further detail the assault allegations against the defendant. The record reveals, however, that the latter justification was not clearly articulated in either the written motion or at oral argument before the trial court. Rather, trial counsel focused on the issue of delay, and only vaguely hinted at the companion justification by stating at the hearing that "[t]here are a number of other matters that I would like to investigate in a deposition too." Indeed, it was not until the defendant moved for a mistrial, almost two weeks after the deposition motion was denied, that he first affirmatively argued that the deposition had been needed to glean more detail regarding the charged offenses.

This court has repeatedly stated that it will refuse to consider arguments that were not before the trial court. *E.g., State v. Rhoades*, 139 N.H. 432, 434, 655 A.2d 414, 415 (1995). Similarly, we decline to consider arguments whose outline and form were re-cessed in the shadows, or were added to the record after the fact. *Cf. Brooks v. Padula*, 125 N.H. 668, 670, 485 A.2d 1032, 1033 (1984). We therefore limit our analysis to a consideration of the trial court's ruling that the defendant had not made a sufficient showing that a deposition was necessary to investigate the victim's delay in reporting the assaults.

The determination of necessity must be made with reference to the facts of each individual case. *Rhoades*, 139 N.H. at 434, 655 A.2d at 415. The statute requires the court to consider

the complexity of the issues involved, other opportunities or information available to discover the information sought by the deposition, and any other special or exceptional circumstances which may exist.

RSA 517:13, II. The defendant apparently wanted to use the victim's delay in reporting the allegations to bolster his contention that the

victim fabricated the charges. The defendant failed to show, however, why the information that was made available to him was inadequate for this purpose. The trial court correctly determined that the defendant had been provided a full transcript of the victim's interview with the director of victim assistance at the county attorney's office. In that statement the victim explained her reasons for not reporting the abuse earlier. The court ruled that the statement, when combined with the opportunity for cross-examination at trial, provided the defendant sufficient information to prepare his defense. The court also found that the case was not particularly complex, and, implicitly, that the defendant had failed to show that any special circumstances existed. Because we conclude that the trial court correctly applied every element of the statutory test, and that none of its findings was clearly unreasonable or untenable, we cannot say that the trial court abused its discretion in denying the motion.

## II

The defendant also requested what amounted to a bill of particulars with respect to the charge alleging that he engaged in sexual intercourse with the victim when she was between thirteen and sixteen years old. The defense made this motion orally on the morning of trial, following the court's ruling that the prosecution would only be allowed to introduce uncharged acts to the extent that they demonstrated a plan to gain the confidence of the victim. As the victim had, during the course of her videotaped statement, discussed several acts of intercourse that could have fallen within the language of the questioned count of the indictment, the defense sought the bill of particulars to force the prosecution to elect the act upon which it would rely.

The trial court ruled, however, that the prosecution could make this election at trial, bearing in mind that the court would only allow testimony regarding one act of intercourse. The defendant now appeals the court's refusal to compel the State to make this election before trial, and argues that without the bill of particulars he was unable to adequately prepare his defense.

A bill of particulars is, in this State, a tool for clarifying an inadequate indictment or complaint, rather than a general discovery device. *See State v. Allison*, 134 N.H. 550, 554, 595 A.2d 1089, 1091 (1991). An indictment is generally sufficient if it recites the language of the relevant statute: typically it need not specify the means by which the crime was accomplished, or other facts that are not essential elements of the crime. *See Hermsdorf*, 135 N.H. at 366, 605

A.2d at 1048-49; *State v. Maguire*, 129 N.H. 165, 168, 523 A.2d 120, 122 (1987). The State is not required to provide a bill of particulars except when "necessary for the preparation of a defense or to preclude a later unconstitutional prosecution." *State v. Steer*, 128 N.H. 490, 494, 517 A.2d 797, 800 (1986) (quotation omitted).

The defendant never indicated that he intended to present a defense that hinged upon knowledge of specific facts, and instead pursued a strategy of general denial. Furthermore, at the motion hearing, defense counsel indicated that he was primarily interested in policing the trial court's ruling regarding uncharged acts. The trial court apparently determined that its ruling could be adequately enforced at trial, and refused to grant the defense motion. We cannot say that this was an unreasonable method of dealing with the defendant's concerns, and we therefore uphold the trial court's ruling.

## III

The defendant finally argues that the trial court erred in denying his motion for a mistrial after the victim testified about a conversation she allegedly had with him several years after the abuse had ended. This conversation, which the defendant claims contains an admission by him, was revealed by the victim for the first time during her preparation to testify, on the eve of trial. The defendant argues that this statement should have been disclosed under the trial court's standing discovery order. The State asserts that even if the statement should have been disclosed, the defendant was not prejudiced because court recessed for the evening before cross-examination began.

The defendant does not argue that the conversation at issue contains *exculpatory* evidence; therefore, this court's constitutional jurisprudence regarding disclosure of favorable evidence is not applicable to this case. *See State v. Laurie*, 139 N.H. 325, 653 A.2d 549 (1995). Instead, we examine the trial court's ruling under the abuse of discretion standard.

While it might have been more appropriate for the prosecution to disclose this information prior to the start of direct examination, the overnight recess at the conclusion of the victim's direct testimony gave the defendant adequate time to adjust his cross-examination to reflect the new information. Further, we note that the defendant never requested a continuance, which might well have been the appropriate remedy in this situation. Accordingly, we conclude the

508

trial court's ruling was not clearly unreasonable or untenable, and therefore the court did not abuse its discretion.

*Affirmed.*

All concurred.