**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0142, <u>James Stile v. New Hampshire Attorney General's Office</u>, the court on September 30, 2016, issued the following order:**

Having considered the briefs, the memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, James Stile, appeals orders of the Superior Court (<u>McNamara</u>, J.) requiring him to pay a reduced fee of $5.00 within 15 days to file a civil action, denying his motion to waive the sheriff's service fee, and dismissing his action when he failed to pay the filing fee by the time specified. We construe his brief to argue that the trial court violated Part I, Article 14 of the State Constitution and his state and federal constitutional rights to due process and equal protection by not finding that he was indigent pursuant to RSA 623-B:2, IV (2011). <u>See</u> <u>State v. Chick</u>, 141 N.H. 503, 504 (1996).

At the outset, we note that, although the plaintiff characterizes his appeal as "interlocutory," the trial court's order dismissing the case was final. Thus, the appeal is not interlocutory. <u>See</u> <u>Sup. Ct. R.</u> 3. To the extent that the plaintiff contends that his appeal is governed by 28 U.S.C. § 1915(b)(4) (2012), that statute applies to federal courts only. 28 U.S.C. § 1915(a)(1) (2012); <u>Bruce v. Samuels</u>, 136 S.Ct. 627, 629 (2016). To the extent that he argues that the federal Supremacy Clause renders that statute controlling, he does not develop this argument. <u>See</u> <u>State v. Blackmer</u>, 149 N.H. 47, 49 (2003).

RSA 623-B:2, IV provides that "[n]othing in this section shall prohibit an inmate from filing a civil action . . . if the inmate is indigent." RSA 623-B:3, III (2001) authorizes the trial court to order a partial payment of fees and costs, if it concludes from the inmate's affidavit that the inmate is able to make a partial payment. <u>See</u> <u>also</u> RSA 499:18-b (2010) (authorizing trial court to waive filing and service fees for indigent parties).

The plaintiff "does not take exception to . . . RSA 623-B:3," and represents that he "is not attempting to demonstrate that the <u>process</u> is unconstitutional." (Emphasis in original.) Nor does he argue that the deadline for payment of the fee was too short. Instead, he argues that he "met all financial requirements to qualify as an indigent person." Thus, he appears to argue that he was constitutionally entitled to a complete waiver of the filing and service fees. We note, however, that the plaintiff represents that the trial court's decision to

reduce the filing fee "was not an arbitrary decision" and "was arrived at by the court by a review" of his financial affidavit.

The plaintiff has not provided a copy of the financial affidavit that he submitted to the trial court pursuant to RSA 623-B:3, I (2001). Absent a complete record, we assume the evidence was sufficient to support the result reached by the trial court, Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004), and review its order for errors of law only, see Atwood v. Owens, 142 N.H. 396, 397 (1997). These rules are not relaxed for self-represented parties. See In the Matter of Birmingham & Birmingham, 154 N.H. 51, 56-57 (2006).

The plaintiff represents that the financial affidavit he submitted to the trial court was "similar to those filed with this Court." Even if we were to accept this representation, but see Bean, 151 N.H. at 250, based upon the financial information provided to us, we cannot conclude that the trial court deprived the petitioner of his constitutional rights by finding that he could afford to pay a $5.00 filing fee and the sheriff's fee.

The remaining issues raised by the plaintiff are either not sufficiently developed, see Blackmer, 149 N.H. at 49, or otherwise do not warrant further discussion, see Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

2