# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2016-0084, <u>State of New Hampshire v. Andrew Tulley</u>, the court on April 26, 2017, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Andrew Tulley, appeals his conviction, following a bench trial in Circuit Court (<u>Stephen</u>, J.), on charges of conduct after an accident, <u>see</u> RSA 264:25 (2014), and transportation of alcoholic beverages by a minor, <u>see</u> RSA 265-A:45 (2014). He likewise appeals the suspension of his driver's license. <u>See</u> RSA 263:57 (2014); RSA 265-A:45, I.

The record supports the following facts. On a clear evening when the pavement was dry, the defendant drove his vehicle onto the sidewalk and into a utility pole, damaging his vehicle and the pole and leaving the back end of the vehicle in the roadway. He immediately stepped out from the driver's side door, and his passenger got out from the passenger's door. They ignored another vehicle that stopped near them. After they conferred briefly, the passenger walked swiftly across a parking lot adjacent to the sidewalk to a Target store, while the defendant walked to the store more slowly. In the store, the passenger used the store's telephone at the customer service desk. When the defendant arrived at the customer service desk, he and the passenger did not acknowledge each other. When the passenger finished using the store's phone, the defendant used it. While the defendant was talking on the phone, the defendant wandered away from the customer service counter. When the defendant saw police officers enter the store, the defendant walked away from them back to the customer service counter. The officers commanded him to stop. As the first officer reached the defendant, the defendant said that he had been in a car accident. The officer took the defendant's arm, at which time the trial court concluded the defendant was arrested.

The defendant contends that the trial court erred by: (1) not suppressing his statement to the police that he had been in a car accident (statement), the store surveillance videos showing his activities (videos), and unopened bottles of beer found in his vehicle (bottles); (2) not finding that "he had been seized when given verbal commands to stop"; (3) finding that the police had probable cause to arrest him; (4) finding that the bottles had been properly seized because they were in plain view; (5) finding that there was sufficient evidence to convict him of conduct after an accident and of transporting alcohol; (6) not "making particularized findings as to either suspension [of his driver's license] or why the

suspensions should run consecutively"; (7) unsustainably exercising its discretion by suspending his license on each conviction and ordering the second suspension to run consecutive to the first; and (8) finding that his motion to reconsider was untimely as to issues regarding his convictions.

To the extent that the defendant makes constitutional arguments other than those arguments specifically addressed below, they are not sufficiently developed for review. See State v. Chick, 141 N.H. 503, 504 (1996). We assume, without deciding, that the defendant's arguments are preserved.

The defendant argues that: (1) he was arrested before he stated to the police that he had been in a car accident; (2) he was arrested without probable cause; and (3) as a result, the bottles, the store videos, and his statement must be suppressed. However, we need not dwell upon the underlying arguments regarding the timing of, and grounds for, the arrest because, even if we were to assume that the defendant was arrested illegally prior to his statement, his arguments — that the statement, the bottles, and the videos must be suppressed — fail.

When reviewing a trial court's order on a motion to suppress, we accept the trial court's factual findings unless they lack support in the record or are clearly erroneous and review its legal conclusions de novo. State v. Sullivan, 157 N.H. 124, 129 (2008). Evidence that has been obtained only through exploitation of an antecedent illegality must be suppressed, State v. Socci, 166 N.H. 464, 471 (2014), but if a source independent of the alleged police misconduct leads to the discovery of the evidence, then such evidence may be admissible, State v. Holler, 123 N.H. 195, 199-200 (1983).

In this case, the bottles were seized by an officer when he checked the defendant's abandoned crashed vehicle for occupants. The officer who seized the bottles did not enter the store, and the defendant acknowledges that the officer did not know "anything at all about actions otherwise taken by other police officers." Furthermore, the same officer broadcast the description of the driver, which the arresting officer testified he received prior to the arrest. From this, the trial court could have reasonably inferred that the officer found the bottles before the defendant was arrested. Accordingly, we conclude that the bottles were discovered independent of the defendant's arrest. See id.

Similarly, the videos were made by a third party prior to, and contemporaneous with, the defendant's arrest. The trial court could reasonably infer that the police knew that the store made such recordings and that they were obtained directly from the store. Accordingly, we conclude that they, too, were "discovered" independent of the defendant's arrest. See id.

2

The defendant's brief is unclear as to whether he is arguing that his statement should have been suppressed because it resulted from a custodial interrogation in the absence of Miranda warnings, see State v. Thelusma, 167 N.H. 481, 484 (2015), or because it was the fruit of his allegedly illegal arrest, see State v. Gotsch, 143 N.H. 88, 90 (1998). To the extent that he is arguing that his statement was the product of an improper custodial interrogation, the trial court found that his statement was volunteered. See State v. Cloutier, 167 N.H. 254, 258 (2015) (stating whether statement voluntary is question of fact). This finding is supported by the video showing the defendant making a statement to a police officer as the officer approached him. Volunteered statements of any kind are not affected by Miranda v. Arizona, 384 U.S. 436, 478 (1966). Thelusma, 167 N.H. at 485. Furthermore, the trial court could have reasonably found, based upon the video and the testimony of an officer, that the defendant did not make his statement in response to a question. See State v. Graca, 142 N.H. 670, 675 (1998) (stating interrogation required for Miranda to apply).

To the extent that the defendant is arguing that his statement was the fruit of his allegedly illegal arrest, we must determine whether the statement was a product of his free will. See Gotsch, 143 N.H. at 90. Because the defendant does not address the four factor test that we employ to make this determination, see id., we decline to engage in this analysis. See State v. Blackmer, 149 N.H. 47, 49 (2003). Accordingly, we conclude that the trial court did not err by not suppressing the defendant's statement.

In light of these conclusions, we need not decide when the defendant was arrested, or address whether the officer had probable cause for the arrest.

We next consider whether the trial court erred in finding that the bottles were in plain view. To validate a seizure under this exception, unless the items seized are "dangerous in themselves," the State must prove, by a preponderance of the evidence, that: (1) the initial intrusion that afforded the view was lawful; (2) the evidence was discovered inadvertently; and (3) the incriminating nature of the evidence was immediately apparent. State v. Nieves, 160 N.H. 245, 247 (2010).

The "immediately apparent" requirement is met if, at the time of the seizure, the officer has probable cause to believe that the object seized is incriminating evidence. Id. at 701. Absolute certainty of illegality is not required. Id. at 703. Officers are entitled to draw reasonable inferences from the facts available to them in light of their knowledge and prior experience. Id. at 701-02. Thus, in some situations, a trained officer's observations of certain types of contraband will be deemed sufficient to meet the requirements of the plain view doctrine. Id. at 702.

3

In this case, we construe the defendant's argument to be that the incriminating nature of the bottles was not apparent to the officer who seized them because, at the time of the seizure, that officer did not know that the driver of the vehicle was a minor. However, we agree with the State that the officer who seized the bottles could have reasonably inferred that the crash was caused by an intoxicated driver because, although the weather was clear and the road was dry, the vehicle had been driven onto the sidewalk, collided forcefully with a utility pole, and was abandoned half on the sidewalk and half in the road. Thus, regardless of the driver's age, the officer had probable cause to believe that the bottles in the car were incriminating. Cf. State v. Cable, 168 N.H. 673, 679 (2016) (relying upon presence of alcohol in boat to support finding that defendant's impairment caused victim's death).

To the extent that the defendant argues that the officer's initial intrusion was unlawful because he used a flashlight, we note that the officer testified that he did not use his flashlight in looking into the vehicle to see if anyone was in it. To the extent that the defendant argues that "the search was warrantless," he does not develop this argument. See Blackmer, 149 N.H. at 49. Accordingly, we conclude that the trial court did not err in declining to suppress the bottles.

We next address the defendant's arguments that the evidence was not sufficient to find him guilty of either charge. A challenge to the sufficiency of the evidence raises a claim of legal error; therefore, our standard of review is de novo. State v. Boutin, 168 N.H. 623, 627 (2016). In reviewing a sufficiency of the evidence claim, we view the evidence presented at trial, and all reasonable inferences drawn therefrom, in the light most favorable to the State and uphold the trial court's verdict unless no rational trier of fact could have found guilt beyond a reasonable doubt. Id. The defendant bears the burden of demonstrating that the evidence was insufficient to prove guilt. Id.

We first address whether the evidence was sufficient to find the defendant guilty, beyond a reasonable doubt, of conduct after an accident. RSA 264:25 requires a driver who knows that he has been in an accident resulting in property damage to stop at the scene and provide certain information to the property owner. If the property owner is not at the scene, then the driver must "immediately" give the information to a police officer at the scene or at the nearest police station. RSA 264:25, I.

The defendant argues that the trial court erred by determining "that the 'scene' did not include the contiguous Target property where [he] went to make a phone call." He acknowledges that "the clear purpose of [RSA 264:25] is to make the identity of the operator available." However, the video shows that, upon damaging the utility pole on the sidewalk, the defendant and his passenger immediately left his vehicle and walked to the Target store, which was on the other side of a parking lot. Although another vehicle stopped, apparently to offer

4

assistance, the defendant walked away from it without ascertaining whether that driver had a telephone.

The defendant argues that there was "no conduct evidencing an intention to flee or hide." However, when the police arrived approximately five minutes after the crash, the defendant was not in sight. Instead, the police had to broadcast his description and search for him. We conclude that, viewing the evidence in the light most favorable to the State, the trial court could reasonably have found that the defendant left the scene of the accident. See State v. Palermo, 168 N.H. 387, 394 (2015) (stating that we assume that trial court made subsidiary findings necessary to support its general ruling).

The defendant argues that RSA 264:25, in allowing a driver to report an accident at the nearest police station, authorizes the driver to leave the scene to report an accident and that the evidence did not show that he failed to make a report because it did not identify whom he called from the Target store phone. However, a police officer testified that he was listening to his radio and did not hear dispatch receive a report of the crash. The defendant argues that the police prevented him from reporting the accident by interrupting his phone call and "asking only one question about the accident." He further argues that he complied with RSA 264:25 when he told the officers who found him in Target that he had been in a car accident. However, the defendant did not immediately inform the officers that he had been driving the vehicle or provide them with other statutorily required information. Both officers testified that, instead, when the defendant saw them in the store, he walked away from them. We conclude that, viewing the evidence in the light most favorable to the State, the trial court could have reasonably found that the defendant did not comply with the requirements of RSA 264:25.

To the extent that the defendant argues that the evidence was not sufficient to find him guilty of transporting alcohol as a minor, that the police did not conduct an investigation, and that the trial court improperly considered the video showing him exiting from the driver's door of the vehicle, he does not develop these arguments. See Blackmer, 149 N.H. at 49.

We next address whether the trial court erred by suspending the defendant's license for 30 days for cause based on his conviction for conduct after an accident, see RSA 263:57, and consecutively for 60 days for transporting alcohol, see RSA 265-A:45, I.

The trial court has discretion to suspend a license under RSA 263:57. State v. Meissner, 144 N.H. 487, 488 (1999). We defer to the trial court's findings; the defendant must establish that its decision was clearly untenable or unreasonable to the prejudice of his case. Id. at 489.

5

Under the statute, a driver's license may not be suspended on the basis of a speeding conviction unless the operator created an immediate hazard to the operator or to the safety or property of others on or near the roadway, or had a record of prior driving offenses which would support a suspension for public safety. Id. at 489. We assume, without deciding, that this requirement applies following a conviction for conduct after an accident. Contrary to the defendant's argument that "Meissner requires that the trial court make specific findings that the driving conduct of the person poses such a threat," it requires only that the record support such a finding. Meissner, 144 N.H. at 489, 490; see Palermo, 168 N.H. at 394 (stating that we assume that trial court made subsidiary findings necessary to support its general ruling).

The defendant argues that, without specific findings, "it is impossible to determine whether the trial court considered facts and/or evidence that it should not have." However, when we determine whether a ruling is a proper exercise of judicial discretion, we are really deciding whether the record establishes an objective basis sufficient to sustain the discretionary judgment made. State v. Lambert, 147 N.H. 295, 296 (2001).

In this case, the defendant drove his vehicle onto a sidewalk until it crashed into a utility pole with enough force to damage both the pole and the vehicle. The defendant then left his vehicle with half of its front end on the sidewalk and its back end in a travel lane of a four-lane road. This supports an implied finding that the defendant created an immediate hazard to himself and to the safety or property of others on or near the roadway. See Meissner, 144 N.H. at 489.

The defendant notes that "the State did not offer, nor did the Court request [his] driving record." He contends that this "strongly suggests that the suspension for cause was preordained without regard to [his] conduct." However, the trial court reasonably suspended his license on the basis of his conduct in this accident. Thus, it could have reasonably determined that reviewing his driving record was unnecessary. We note that the defendant did not argue to the trial court that his driving record mitigated his offense.

The defendant argues that his criminal conduct occurred only after the accident and after he stopped driving. We find this argument to be without merit. See RSA 263:57 (permitting suspension for cause). Cf. State v. Pinault, 168 N.H. 28, 32 (2015) (addressing RSA 651:62, III (2016), which limits restitution to loss incurred "as a direct result of a criminal offense").

With reference to the suspension of his license pursuant to his conviction for transporting alcohol when a minor, the defendant argues that: (1) he "was but several months away from his 21 birthday"; (2) the trial court based its decision upon the "totality of the circumstances" and did not explain the reasons

6

for the sentences; (3) the bottles were not open; (4) the State did not provide support for its sentencing recommendations; (5) the trial court "rubber stamp[ed]" the State's recommendation; and (6) "[n]either the State nor the trial court proffered any sustainable opposition to [his] argument opposing such a discretionary suspension." However, he does not cite, nor are we aware of, any authority that these considerations compel a different sentence. See State v. Littlefield, 152 N.H. 331, 357 (2005) (stating that trial judge has broad discretion to choose the sources and types of evidence upon which to rely in imposing sentence, and we review sentencing decisions under our unsustainable exercise of discretion standard).

Finally, we address whether the trial court erred by finding that the defendant's motion to reconsider was untimely as to issues regarding his conviction. By notice of decision dated October 29, 2015, the trial court issued an order, dated October 21, 2015, convicting the defendant. He was sentenced on December 17, 2015. He moved for reconsideration of his convictions and of the sentences on December 24, 2015. The trial court found the motion to reconsider untimely as to his convictions and timely as to his sentence, and denied the motion. We review a trial court's decision that issues were not timely raised in a motion to reconsider for an unsustainable exercise of discretion. ATV Watch v. N.H. Dep't of Transp., 161 N.H. 746, 763 (2011). To show that the trial court's decision is not sustainable, the defendant must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of his case. Lambert, 147 N.H. at 296.

In this case, the defendant does not show how he was prejudiced by the trial court's decision not to review his arguments in the motion to reconsider concerning his convictions. He timely appealed the trial court's decision, we have reviewed the issues that he raised in the motion to reconsider, and we conclude that they lack merit. Thus, even if the trial court erred by finding the motion untimely as to the defendant's convictions, he has failed to demonstrate how the error was prejudicial to his case.

Any remaining issues raised by the plaintiff in his brief are either not sufficiently developed, see Blackmer, 149 N.H. at 49, or otherwise do not warrant further discussion, see Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

Dalianis, C.J., and Hicks, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**