**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2022-0252, <u>K.M. v. R.M.</u>, the court on September 1, 2022, issued the following order:**

Having considered the briefs filed by the parties and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The defendant, R.M., appeals a domestic violence order of protection entered by the Circuit Court (<u>Pendleton</u>, J.) upon the petition of the plaintiff, K.M. We affirm.

Before addressing the defendant's appellate arguments, we first consider the motion he filed with his reply brief seeking permission to supplement the record with exhibits from the evidentiary hearing. We interpret his motion, titled "Notice to pick up Exhibits," as a request that this court order the trial court to transfer those exhibits. The defendant's motion is denied.

Supreme Court Rule 13(3) advises that this court "will not ordinarily review any part of the record that has not been provided to it in an appendix by a party or transmitted to it by the trial court or administrative agency." <u>Sup. Ct. R.</u> 13(3). The rule further advises that "[u]nless a party believes that providing a copy in an appendix of a paper or exhibit filed below would be impracticable or inadequate for appellate review, a party seeking to provide a paper or exhibit" to the court shall include the paper or exhibit in an appendix, "which shall be filed on or before the date established for filing the party's brief." <u>Id</u>. Supreme Court Rule 13(4) provides that if a party believes that providing a copy of papers or exhibits filed below in an appendix "would be impracticable or inadequate for appellate review," the party "shall file a motion . . . on or before the date established for filing the party's brief, requesting" this court to order the trial court to transmit the papers or exhibits in question. <u>Sup. Ct. R.</u> 13(4).

The defendant's motion does not comply with Rule 13(3), (4). <u>See</u> <u>Town of Nottingham v. Newman</u>, 147 N.H. 131, 137 (2001) (explaining that we do not relax our rules for self-represented parties). Rule 13(3), (4) required the defendant to file a motion asking this court to order the trial court to transmit the exhibits in question <u>before</u> filing his opening brief. Allowing the defendant to supplement the record with the exhibits after the parties have already filed their briefs would effectively deprive the plaintiff of an opportunity to address the content of the exhibits in her brief. Moreover, to comply with Rule 13(3), (4), the defendant had to establish that providing the exhibits in an appendix

"would be impracticable or inadequate for appellate review." He failed to make this showing as to the exhibits he entered at the evidentiary hearing.

We now turn to the defendant's appellate arguments. To obtain relief under RSA chapter 173-B, the plaintiff must show "abuse" by a preponderance of the evidence. L.C. v. W.C., 174 N.H. 355, 358 (2021). RSA 173-B:1, I, defines "[a]buse" as "the commission or attempted commission" by "a family or household member or by a current or former sexual or intimate partner" of one or more specified criminal acts "where such conduct is determined to constitute a credible present threat to the [plaintiff's] safety." RSA 173-B:1, I (Supp. 2021). Such abuse may include the crimes of stalking and harassment. See RSA 173-B:1, I(d); RSA 633:3-a (Supp. 2021) (defining the crime of stalking); RSA 644:4 (Supp. 2021) (defining the crime of harassment). Thus, before issuing a domestic violence final order of protection under RSA chapter 173-B, a trial court must find by a preponderance of the evidence that: (1) the defendant, "a family or household member or . . . a current or former sexual or intimate partner" of the plaintiff, committed or attempted to commit one or more of the enumerated criminal acts; and (2) the defendant's conduct constituted "a credible present threat" to the plaintiff's safety. RSA 173-B:1, I; see L.C., 174 N.H. at 358-59.

On appeal, the defendant first argues that the record fails to support the trial court finding that his conduct constituted a credible threat to the plaintiff's safety because her testimony establishes that "she is not in fear of her safety." In an appeal from an order on a domestic violence petition, the trial court's "findings of fact shall be final," and we review its rulings on "questions of law" de novo. RSA 173-B:3, VI (2014). We review sufficiency of the evidence claims as a matter of law, upholding the trial court's findings and rulings unless they lack evidentiary support or are tainted by error of law. Achille v. Achille, 167 N.H. 706, 715 (2015). When performing this review, we accord considerable weight to the trial court's judgments on the credibility of witnesses and the weight to be given testimony. Id. at 715-16. We view the evidence in the light most favorable to the prevailing party — here, the plaintiff. See id.

In making this argument, the defendant quotes only one sentence of the plaintiff's answer to the trial court's question, "Can you tell me specifically what makes you in fear for your physical safety." Her entire answer is as follows:

> I never have been – and that's why I was hesitant to ever move forward with this. I – he's never been violent with me. I am not saying that I am in fear of my safety 100 percent. I just – that was the first time, September – I mean, excuse me, March 26th was the first time though that it – he was being quite aggressive in

2

nature, and I just – I don't – again, I don't know that I don't feel safe, I just did not feel comfortable at my house.

When the court invited the plaintiff to elaborate, she testified:

> Just the incessant contact that – that, you know, for three-and-a-half hours in the middle of the night, he was trying to call me with no response, and he just kept trying. And then I felt on 7 p.m. on a Saturday he's of sound mind and still trying to get in touch with me when I've made it abundantly clear that I don't want that.

> And again, I just felt like if he was really trying to contact me this hard, then the only next step would be him showing up at my house, because I wasn't responding to anything else. I wasn't sure if that was going to happen, but I didn't want to take that risk, and I decided not to sleep at my house.

Thus, contrary to the defendant's assertions, the plaintiff testified that although she is not "in fear of [her] safety 100 percent," his "quite aggressive" conduct made her feel so concerned that he would "show[] up at [her house]" that she "decided not to sleep" there. Viewing this testimony in the light most favorable to the plaintiff, we conclude that it supports the trial court's finding that the defendant's conduct constituted a credible present threat to the plaintiff's safety.

The defendant next asserts that the evidence does not support the trial court's finding that he committed the crime of harassment. See RSA 644:4, I. We need not address the merits of this argument because the trial court also found that the defendant committed the crime of stalking, see RSA 633:3-a, and the defendant does not challenge that finding on appeal.

The defendant couches his remaining arguments in constitutional terms, asserting that the trial court violated his federal due process rights by denying his requests for a continuance and to call witnesses. However, the defendant has not demonstrated that he raised these constitutional claims in the trial court. See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004). Moreover, the constitutional aspects of his arguments are insufficiently developed for our review. See State v. Chick, 141 N.H. 503, 504 (1996) (passing reference to constitutional claim renders argument waived); Keenan v. Fearon, 130 N.H. 494, 499 (1988) ("off-hand invocations" of constitutional rights supported by neither argument nor authority warrant no extended consideration). Under these circumstances, we address the defendant's remaining arguments without reference to the Federal Constitution.

3

The defendant contends that the trial court erred by denying his request for a 30-day continuance "to research and prepare a cross-order [for] relief" and to obtain "further advice" as to "how [the plaintiff's relatives] can testify in [his] defense." We review the trial court's decision to deny his request for a continuance under our usual unsustainable exercise of discretion standard. See Achille, 167 N.H. at 713. To prevail under that standard, the defendant must demonstrate that the trial court's decision was clearly unreasonable to the prejudice of his case. See id. Under our unsustainable exercise of discretion standard of review, we review only whether the record establishes an objective basis sufficient to sustain the discretionary judgment made. See In the Matter of Summers & Summers, 172 N.H. 474, 478-79 (2019).

In denying the request, the trial court informed the defendant that he could "always file a cross-claim" if he felt that the plaintiff was a threat to him, and reminded him that the evidentiary hearing had been scheduled at the defendant's request. As the defendant asserted at the evidentiary hearing, "Upon being served with . . . this summons, I wanted to have a hearing as soon as possible . . . ." Given this record, we conclude that the trial court did not unsustainably exercise its discretion by denying the defendant's request for a 30-day continuance.

Finally, the defendant argues that the trial court erred when, after the 30 minutes allotted for the hearing had elapsed, it declined to allow the defendant to continue testifying and denied his request to call witnesses. "The trial court has broad discretion in managing the proceedings before it." In the Matter of Conner & Conner, 156 N.H. 250, 252 (2007). "We review a trial court's rulings in this area under an unsustainable exercise of discretion standard." Id.

During the defendant's cross-examination of the plaintiff, the trial court informed the defendant, "You got to – [if] you want [to] testify, you're going to have to testify now, because we were scheduled for a half hour, and it's already been a half hour . . . ." Even though the 30-minute period allotted for the evidentiary hearing had elapsed, the trial court allowed the defendant to ask one more question of the plaintiff and to testify on his own behalf. After a while, the trial court stopped the defendant from testifying further saying, "Let me just stop you. I do have to stop you. I got your point." The court then gave the plaintiff an opportunity to cross-examine the defendant. When the plaintiff declined to cross-examine the defendant, the trial court allowed both parties to submit exhibits. At this point, the defendant asked if he could call a witness. When the trial court said that he could not, the defendant said, "Okay." The defendant asked again if he could call a witness, and when the trial court reminded him that it had "said no," the defendant said, "Okay. You said – fair enough." Before finally ending the hearing, the court allowed the defendant to submit additional exhibits. This record demonstrates that the trial court did

4

not unsustainably exercise its discretion when it declined to allow the defendant to continue testifying and denied his request to call witnesses.

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**